**Jerry PARKISON, Appellant (Defendant Below),**

v.

**TLC LINES, INC., Appellee (Plaintiff Below).**

**No. 49A02–8606–CV–231.**

Court of Appeals of Indiana, Second District.

April 27, 1987.

Robert L. McLaughlin, Wooden McLaughlin & Sterner, Indianapolis, for appellant.

David M. Adams, Richards, Adams, Boje & Pickering, Noblesville, for appellee.

SULLIVAN, Judge.

Jerry Parkison appeals an interlocutory order of the Marion County Superior Court which denied his motion for change of venue pursuant to Indiana Rules of Procedure, Trial Rule 75.

We reverse.

The plaintiff, TLC Lines, Inc., is a transport company authorized to do business in Indiana. Its offices are located in Indianapolis. Parkison was employed by TLC and in April, 1984, signed a "Non-competition Agreement." The agreement provided that, if Parkison terminated his employment, he would not solicit business from approximately 105 specifically listed companies which were TLC's "essential customers." The solicitation restriction was to last two years.

TLC instituted suit in May, 1986, alleging that Parkison was now self-employed and had contacted some listed companies, thus violating the non-competition agreement. TLC sought injunctive relief. Parkison moved for a venue change to Decatur County, stating that both his home and business were located there. The trial court denied the motion, and this appeal ensued.

In relevant part, Trial Rule 75 provides:

"(A) Venue. Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue require-

ments or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

\* \* \* \* \* \*

(10) the county where either one or more individual plaintiffs reside, *the principal office of any plaintiff organization is located,* or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, *if the case is not subject to the requirements of subsections (1) through (9) of this subdivision* or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state." (emphasis supplied).

Parkison argues that because Decatur County (defendant's residence) met the requirements of subsection (A)(1) and Marion County (plaintiff organization's principal office) met the requirements of subsection (A)(10), Decatur County is the only preferred venue. TLC responds that Marion County was a second preferred venue county. TLC also argues that Parkison cannot demonstrate prejudice resulting from the unchanged venue. Parkison contends that the 1982 amendment to T.R. 75 obviates that need.

TLC quotes *Bd. of Comm'rs. of Cass County v. Nevitt* (1983) 4th Dist. Ind.App., 448 N.E.2d 333, to support its claim that Marion County was a preferred venue

county. The *Nevitt* court, quoting Professors Harvey and Townsend, stated:

" '[a] plaintiff may elect to bring suit in any county qualifying under subdivisions (1) through (10) of Rule 75(A), and each such county is a county of preferred venue.... The effect will be to give the plaintiff the possibility of bringing suit in a number of places, and if the county is one of preferred venue, the defendant has no right to complain except as he may obtain relief under Rule (76) or Rule 4.4(C).' 4 W. Harvey & R. Townsend, Indiana Practice, § 75.3, at 536 (1971) (citation omitted)." *Id.* at 343.

The *Nevitt* court rejected the argument that subsections (A)(1) to (A)(10) descend in order of importance.

TLC has overlooked the remainder of the analysis by Harvey & Townsend:

"In only one instance is a single county or group of counties designated as exclusive of others in which preferred venue is recognized. This arises under subdivision (10) when no other county can be established as a county of preferred venue under subdivisions (1) through (9) and the terms of subdivision (10) are present." 4 Harvey & Townsend, *Indiana Practice*, § 75.3, p. 536 (1971).

Thus it is clear that though the provisions of subsections (A)(1) to (A)(9) are equally preferred, subsection (A)(10) is only secondarily preferred. By its own terms, the tenth subsection applies only when the other nine do not. Here, Marion County would have been the preferred venue county, had there not been a different preferred venue county under subsections (A)(1) to (A)(9).

However, Decatur County is a preferred venue county under subsection (1).[1] Though subsection (1) addresses specifically a situation involving multiple de-

1. Though Decatur County is a preferred county under T.R. 75(A)(1), it may not be the most convenient county in which to litigate. The trial court's refusal to transfer the case may well have been reasonable in terms of the potential for inconvenience. Nevertheless, the trial rule's clear language requires that we reverse. Unfortunately, the relationship between the provisions of T.R. 75 and Indiana Rules of Proce-

dure, Trial Rule 4.4(C) (forum non conveniens) is less than crystalline. *Cf. In the Matter of Trust Created Under Agreement* (1984) 2d Dist. Ind.App., 469 N.E.2d 768, 773 (Sullivan, J., dissenting); 4 Harvey and Townsend, *Indiana Practice*, § 75.3, p. 536 (1971) ("[I]f the county is one of preferred venue, the defendant has no right to complain except as he may obtain relief under ... *Rule 4.4(C)*.") (emphasis added).

fendants, its clear logic and import make it applicable to a single defendant. The subsection's drafters determined that one preferable location for a case in which all defendants resided in different counties was any county in which a single defendant resided. To say that an individual defendant was not entitled to the same option, or protection, would be obviously contrary to its purpose.

TLC argues alternatively that if Marion County is not a preferred venue county, there is no prejudice to Parkison resulting from venue there. Parkison contends that such a showing is not required.

In 1982, T.R. 75(E) was amended. Prior to amendment, a venue order was not grounds for reversal unless "the party asserting error was prejudiced or injured thereby." Trial Rule 75(E) (amended 1982). Neither was the order an appealable interlocutory order. Presently, a venue order under T.R. 75 is immediately appealable pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(5).[2] The clause requiring prejudice or injury as a requisite to demonstration of reversible error was eliminated.

TLC contends that the prejudice requirement remains intact, citing *Ind. St. Bd. of Embalmers v. Kaufman* (1984) 1st Dist. Ind.App., 463 N.E.2d 513, *trans. denied.* In *Kaufman*, a funeral director's license was revoked, causing the director to seek judicial review in Marion County. The director resided and worked in Lake County. On appeal from the reviewing court's reversal of the revocation, the Board argued that the court erred by denying its motion to dismiss for improper venue, claiming that I.C. 4–22–1–14[3] made Lake County the sole proper venue county. The director

argued that T.R. 75(D) elevated the provisions of T.R. 75 over other venue-related rules and statutes.

The *Kaufman* decision did not turn upon the relationship between I.C. 4–22–1–14 and T.R. 75(D). Instead, the court chose to apply a harmless error standard. As a part of that analysis, the court noted, "that the Board has not demonstrated harm or prejudice by Kaufman seeking judicial review in Marion County." *Kaufman, supra,* 463 N.E.2d at 520. It is this portion of the *Kaufman* approach to which TLC clings.

TLC has misperceived the thrust of *Kaufman*. *Kaufman* did not purport to dilute the recent amendment to T.R. 75.[4] While its use of the phrase "harm or prejudice" is perhaps an unfortunate formulation of its rationale in light of T.R. 75(E), the *Kaufman* decision rests upon sound principles. The Board in *Kaufman* failed to avail itself of the remedy afforded by T.R. 75, the interlocutory appeal. Thus any harm which may have resulted from the venue order apparently was not, from the Board's perspective, serious enough to warrant pursuing an interlocutory appeal.[5] Moreover, the unchanged venue was Marion County, which, as the court noted, was "geographically convenien[t] to the Board...." *Kaufman, supra,* 463 N.E.2d at 520. Also, Marion County was possibly a preferred venue county itself. *See* T.R. 75(A)(5) (principal location of governmental office). With a decision from a possible preferred venue court, in a county geographically convenient for the Board, and without the Board having pursued an interlocutory appeal, the *Kaufman* court con-

---

**2.** An interlocutory appeal pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(1) to 4(B)(5) does not, unlike interlocutory appeals pursuant to A.R. 4(B)(6), require certification of the question by the trial court and the Court of Appeals.

**3.** I.C. 4–22–1–14 was repealed by P.L. 18–1986 effective July 1, 1987. *See* I.C. 4–21.5–5–6 (Burns Code Ed.Repl.1986).

**4.** The *Kaufman* court did not cite the provisions of T.R. 75(E).

**5.** Failure to pursue an interlocutory appeal of an issue not requiring certification may result in the issue being considered either waived or moot. *See Whitlock v. Public Service Co.* (1959) 239 Ind. 680, 159 N.E.2d 280, *reh. denied* 239 Ind. 680, 694, 161 N.E.2d 169; 4A Bagni-Giddings-Stroud, Indiana Practice § 177, p. 222 (1979) (suggesting waiver doctrine should be supplanted by more flexible mootness doctrine).

cluded that the Board's simple claim of error was insufficient to gain reversal.

In contrast, the appeal here is taken at the interlocutory stage. A motion for stay of proceedings was filed twenty-one days after the complaint. Given a sparse record, minimal factual development, and preliminary nature of the proceedings, attempting to show prejudice at the interlocutory stage could devolve into mere speculative assertion. The amended rule anticipates this possibility and does not require a demonstration of prejudice at the interlocutory stage. Parkison is therefore entitled to a transfer to the Decatur County venue.

Parkison has petitioned the court for attorneys' fees, arguing that T.R. 75(C)[6] authorizes such an award here. Parkison contends that TLC had "no arguable basis" for selecting the Marion County venue. We disagree.

Marion County, a proper venue, would have been the preferred venue had there been no county so qualifying under the other nine subsections. In short, TLC did not pursue avenue wholly outside the rule's ambit.

Moreover, there is nothing before us to suggest that TLC's actions were without cause, or in bad faith, a requisite to imposing an attorneys' fee award under T.R. 75(C). The Civil Code Study Commission Comments to T.R. 75 cited Ind.Ann.Stat. §§ 4–7412, 4–7413 (Burns Repl.1968)[7] as authority for making an award of fees. Those statutes, in relevant part, concern "deceit or collusion ... with intent to deceive a court or judge...." Against this historical backdrop, T.R. 75(C) is clear. Some action more egregious than simply failing to select a primarily preferred venue must be present to support an award under T.R. 75(C). Here, it is not.

The interlocutory order denying transfer to Decatur County is reversed; the petition for attorneys' fees is denied.

The cause is remanded for proceedings consistent herewith.

SHIELDS, P.J., and YOUNG, J., concur.

---

**6.** Trial Rule 75(C) provides, in pertinent part, "[I]f it appears that the case was commenced in the wrong county by sham pleading, in bad faith or without cause, the court shall order payment of reasonable attorneys' fees incurred by the parties successfully resisting the venue."

**7.** *Now codified at* I.C. 34–1–60–8, –9 (Burns Code Ed.Repl.1986).