Kenneth R. HUMPHREY, Mrs. Kenneth R. Humphrey, and Jayne Humphrey, Appellants–Defendants,

v.

Michelle Ann CHRISTOPHER and Timothy Scott Christopher, Appellees–Plaintiffs.

No. 07A04–9712–CV–523.

Court of Appeals of Indiana.

March 19, 1998.

Richard M. Giesel, Berlon & Timmel, Indianapolis, for Appellants–Defendants.

Jerry L. Susong, Frankfort, for Appellees–Plaintiffs.

## OPINION

SHARPNACK, Chief Judge.

This case comes to us on an interlocutory appeal. Mr. and Mrs. Kenneth Humphrey and their daughter Jayne Humphrey, appeal the trial court's order granting Michelle and Timothy Christopher's motion to reconsider venue. The Humphreys raise three issues for our review which we consolidate and restate as whether the trial court erroneously determined that the county where the Christophers resided constituted preferred venue under Indiana Trial Rule 75(A)(5). We reverse.

The relevant facts are undisputed. On July 31, 1995, Michelle Christopher and Jayne Humphrey were involved in an automobile accident in Hamilton County, Indiana. At the time of the accident, the Christophers were residents of Hamilton County. Sometime after the accident, the Christophers relocated to Brown County. The Humphreys are residents of Howard county.

On July 3, 1997, the Christophers filed an action in Brown County against the Humphreys for damages resulting from the accident. On August 7, 1997, the Humphreys filed a motion to transfer venue to Hamilton County on the grounds that Brown County was not a county of preferred venue. On August 12, 1997, the trial court granted the motion to transfer. On September 11, 1997, the Christophers filed a motion to reconsider the order granting the Humphreys' motion to transfer venue. On October 7, 1997, the trial court entered an order granting the Christophers' motion to reconsider and ruled that Brown County is a county of preferred venue. The order read in part, as follows:

"The Court finds that with plaintiffs residing in Brown County, the suit was initiated in a county of preferred venue under Trial Rule 75(A)(5). The Court rejects defendant's contention that the applicability of T.R. 75(A)(5) is contingent upon a governmental defendant."

Record, p. 21. On October 17, 1997, the Humphreys filed a motion to reconsider the order which the trial court denied on November 13, 1997.

■ Before we reach the merits of this appeal, we note that the Christophers failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the burden of developing an argument for the appellee. Applying a less stringent standard of review, we may reverse the trial court if the appellant can establish *prima facie* error. *Johnson County Rural Elec. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). *Prima facie* in this context is defined as "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet this burden, we will affirm. *Blair v. Emmert,* 495 N.E.2d 769, 771 (Ind. Ct.App.1986), *reh'g denied, trans. denied.*

The sole issue for our review is whether the trial court erroneously concluded that Brown County, the county where the plaintiffs reside, is a preferred venue under T.R. 75(A)(5). Under T.R. 75, a case may be commenced in any county. Upon the filing of motion for incorrect venue under T.R. 12(B)(3), however, the trial court must transfer the case to the county selected by the party which first files such a motion or pleading if: 1) the court where the action was initially filed does not meet preferred venue requirements and 2) the county selected by the party which files the motion or pleading is a county of preferred venue. T.R. 75(A). If the suit is initiated in a county of preferred venue, a transfer of venue will not be granted. *Conner Ins. Agency v. Frericks,* 634 N.E.2d 84, 85 (Ind.Ct.App.1994). If the county where the action is initially filed is not a county of preferred venue, the action may be transferred to a county of preferred venue under the criteria listed in T.R. 75(A)(1)–(9). T.R. 75(B); *Diesel Construction Co. v. Cotten,* 634 N.E.2d 1351, 1352 (Ind.Ct.App.1994). Trial Rule 75(A) creates no hierarchy or preference among the nine subsections; satisfaction of any one of them permits venue in that county. *Sayeed v. Dillon,* 573 N.E.2d 468, 472 (Ind.Ct.App.1991).

The trial court's grant or denial of a motion under T.R. 12(B)(3) and T.R. 75 is an interlocutory order because it is one "made in the progress of the cause, requiring something to be done or observed, but, not determining the controversy." *Hollingsworth v. Key Benefit Administrators, Inc.,* 658 N.E.2d 653, 655 (Ind.Ct.App.1995) (quoting *Cirtin v. Cirtin,* 199 Ind. 737, 739, 164 N.E. 493, 494 (1928)), *reh'g denied, trans. denied.* Review of this type of interlocutory order is governed by the abuse of discretion standard. *Hollingsworth,* 658 N.E.2d at 655. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the trial court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993).

The Humphreys assert that pursuant to T.R. 75(A)(5), Brown County, where the plaintiffs now reside, cannot be preferred venue unless one of the defendants is a governmental organization. The trial court rejected this argument and stated in its order that the applicability of T.R. (A)(5) was not "contingent upon a governmental defendant." Record, p. 21. We disagree.

Indiana Trial Rule 75(A)(5) provides the following option for preferred venue:

"(5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, *if one or more governmental organizations are included as defendants in the complaint;*"

T.R. 75(A)(5) (emphasis added). The Humphreys interpret this section as providing three options for preferred venue only when at least one of the defendants is a governmental organization. Reading this section as a whole, we agree that this is the most logical interpretation. Given that two of the venue options relate to the locale of a governmental organization, it is clear that this section is meant to cover the specific circumstance of claims against government organizations. *See Jasper County Bd. of County Comm'rs v. Monfort,* 663 N.E.2d 1166, 1167 (Ind.Ct.App. 1996) (referring to T.R. 75(A)(5) as the section "which addresses venue where a governmental agency is a party."), *reh'g denied, trans. denied; Board of Comm'rs of Cass County v. Nevitt,* 448 N.E.2d 333, 343 (Ind. Ct.App.1983) (citing T.R. 75(A)(5) when holding that a case was properly venued in the county where plaintiffs reside because a governmental defendant was included in the complaint). Interpreting the section to allow preferred venue where the plaintiffs reside under any circumstance would produce an absurd result because it would, in effect, defeat the purpose of having rules for determining a preferred venue. *See Boushehry v. State,* 648 N.E.2d 1174, 1179 (Ind.Ct.App. 1995) (holding that statutes must be construed so as to prevent an absurd result), *reh'g denied.* Therefore, we hold that for T.R. 75(A)(5) to apply, at least one of the

defendants must be a governmental organization. Because the Humphreys are individuals and not governmental organizations, T.R. 75(A)(5) cannot be used to establish preferred venue in this case.

■ The Humphreys also argue that Brown County is not preferred venue under T.R. 75(A)(10). We agree. This section only allows preferred venue in the county where the plaintiff resides when preferred venue is not established under subsections (1) through (9). *Parkison v. TLC Lines, Inc.,* 506 N.E.2d 1105, 1107 (Ind.Ct.App.1987); *see also Grove v. Thomas,* 446 N.E.2d 641, 642 n. 1 (Ind.Ct.App.1983). Hamilton County, the venue requested in the Humphreys' original motion to transfer venue, would be preferred venue in this case under T.R. 75(A)(3) because it was the county where the accident occurred. Because preferred venue is established in this case by subsection (3), subsection (10) does not apply.

Thus, we conclude that the trial court abused its discretion by keeping venue in Brown County. *See McCullough,* 605 N.E.2d at 180. Consequently, we reverse the trial court's order granting the Christophers' motion to reconsider venue and remand with instructions to transfer the case to Hamilton County as previously ordered.

Reversed.

RUCKER and STATON, JJ. concur.