**Gary PRATT, Appellant–Defendant,**

v.

**Sam PIERCE, Appellee–Plaintiff.**

No. 18A05–9902–CV–84.

Court of Appeals of Indiana.

June 21, 1999.

Keith R. Fafarman, Gambs, Mucker & Bauman, Lafayette, Indiana, Attorney for Appellant.

Peter H. Drumm, Benadum, Cecil & Drumm, Muncie, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Defendant–Appellant Gary Pratt (Pratt) files an interlocutory appeal of the trial court's denial of his Motion to Transfer for Improper Venue pursuant to Ind. Trial Rule 75.

We reverse in part, affirm in part, and remand for proceedings consistent herewith.

### ISSUES

Pratt raises two issues for review, which we restate as follows:

    1. Whether the trial court erred in denying his Motion to Transfer for Improper Venue.

    2. Whether the trial court erred when it denied his request for travel expenses and attorney fees under T.R. 75(C).

### FACTS AND PROCEDURAL HISTORY

On March 6, 1998, plaintiff Sam Pierce (Pierce) filed a Complaint in Delaware Superior Court No. 2, against University Motors, Inc., alleging an unpaid account. Pierce is a resident of Delaware County. In his Complaint, Pierce alleged that the address of University Motors, Inc., was 200 Sagamore Parkway West, West Lafayette, Indiana. West Lafayette is in Tippecanoe County. The parties agree that University Motors, Inc., was administratively dissolved by the Secretary of State's office in January, 1996. University Motors, Inc., did not file an Answer to Pierce's Complaint.[1]

On April 2, 1998, counsel for a nominal but non-active party to this appeal, Gary Pratt University Motors Incorporated, entered an Appearance and filed a Motion to Transfer for Improper Venue. That motion was subsequently denied by the trial court on April 28, 1998.[2] For clarification, Gary Pratt University Motors Incorporated is a separate corporation from University Motors, Inc.

On July 21, 1998, Pierce filed an Amended Complaint adding Dennis J. Carroll (Carroll), the president of University Motors, Inc., as a defendant to this cause of action. Carroll's counsel filed a Motion to Dismiss challenging the trial court's jurisdiction and venue. Thereafter, Pierce and Carroll's counsel subsequently filed an Agreed Order stipulating that Carroll, a resident of Tippecanoe County, had died on January 10, 1998, and that his estate was pending in Tippecanoe County Circuit Court. This Agreed Order also dismissed Pierce's claim against Carroll.

On November 19, 1998, Pierce filed a Second Amended Complaint adding Pratt as a defendant to the action. In this Second Amended Complaint, Pierce sought relief from Pratt only, although University Motors, Inc., and Carroll were still named in the caption. Pratt is also a resident of Tippecanoe County, Indiana. On January 8, 1999, Pratt filed a Motion to Transfer for Improper Venue pursuant to T.R. 75. On January 28, 1999, the trial court denied this motion. This appeal ensued.

---

1. Pierce filed an "Application for Default Judgment" against University Motors, Inc., on November 19, 1998. No order ruling on this motion was included in the Record of Proceedings. Furthermore, in Pierce's Second Amended Complaint, he does not seek relief from University Motors, Inc., although he does name University Motors, Inc., in the caption. Therefore, it appears that Pierce has abandoned his claims against this defendant.

2. Gary Pratt University Motors Incorporated pursued an appeal of the trial court's denial of its Motion to Transfer for Improper Venue, that was dismissed by this Court under Appeal No. 18A02–9806–CV–00497.

## DISCUSSION AND DECISION
### I. *Motion to Transfer for Improper Venue*

Pratt argues that the trial court improperly denied his motion to transfer venue from Delaware County to Tippecanoe County.

■ A trial court's order on a motion to transfer venue under T.R. 75(A) is an interlocutory order and is reviewed under an abuse of discretion standard. *Humphrey v. Christopher,* 692 N.E.2d 932, 934 (Ind.Ct. App.1998). "An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Id.*

Trial Rule 75(A) provides in pertinent part:

Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.....

■ Therefore, T.R. 75(A) allows a case to be filed in any court in any county in Indiana. However, when a party files a motion for preferred venue, the trial court must transfer the case to the county selected by the moving party if the selected county is a county of preferred venue and the county in which the action is filed is not a county of preferred venue. *Humphrey v. Christopher,* 692 N.E.2d 932, 934 (Ind.Ct.App.1998).

■ Preferred venue is determined in accordance with T.R. 75(A)(1)-(9). T.R. 75(A) creates no preference among these subsections and if the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *Id.* If no county of preferred venue is established under T.R. 75(A)(1)-(9), then preferred venue may be established under Trial Rule 75(A)(10).

■ In the case at bar, the action was filed in Delaware County, the county in which the plaintiff resides. Pratt argues that Delaware County is not a county of preferred venue and that Tippecanoe County is the county of preferred venue for this case. We agree.

■ Delaware County meets none of the requirements of preferred venue provided under T.R. 75(A)(1)-(9). Tippecanoe County is the preferred venue in this matter under Trial Rule 75(A)(1), which establishes preferred venue in "the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides...." Preferred venue is additionally established in Tippecanoe County as to defendant, University Motors, Inc., under T.R. 75(A)(4), which provides that preferred venue lies in "the county where ... the principal office of a defendant organization is located...." The "principal office" under T.R. 75(A)(4), is the most important or main office of the organization. *Western Sales & Service v. Ford Motor Company,* 576 N.E.2d 631, 632 (Ind.Ct.App.1991).

Pierce alleges in his Complaint that the first named defendant, University Motors, Inc., at the time of the transactions at issue, was located in West Lafayette, Indiana. Carroll, the second named defendant, was added to this lawsuit via Pierce's Amended Complaint. Carroll was deceased at the time he was named as a defendant in this action, but he had been a resident of Tippecanoe County at the time of his death. Also, his estate was pending in Tippecanoe County Circuit Court at the time he was joined in this litigation. Finally, defendant Pratt is a resident of Tippecanoe County. Thus, all of the defendants named in this action reside or at the pertinent time resided in Tippecanoe County and pursuant to T.R. 75(A)(1) and (4), the preferred venue in this matter is Tippecanoe County.

None of the other provisions of T.R. 75(A), T.R. 75(A)(2)-(3) and (5)[3]-(9) create preferred venue in any other county. Furthermore, T.R. 75(A)(10) does not apply when preferred venue is established under one of the provisions in Trial Rule 75(A)(1)-(9) as it has been in this case before the Court.

■ Pierce argues, though, that T.R. 21(B) precludes the transfer of venue in this matter from Delaware County to Tippecanoe County.[4] T.R. 21(B) provides in pertinent part:

> The court shall have venue and authority over all persons or claims required to be joined or permissively joined, impleaded or included by intervention, interpleader, counterclaim or cross-claim if it has venue or is authorized to determine any claim asserted between any of the parties thereto, notwithstanding any requirement of venue or of jurisdiction over the subject-matter applicable to other claims or other parties.

Accordingly, T.R. 21(B) allows a trial court to maintain subject matter jurisdiction and venue over an action when a person or claim is joined that would otherwise disrupt the trial court's subject matter jurisdiction or venue.

Pratt was joined in this action by way of Pierce's Second Amended Complaint. Therefore, if preferred venue was established in Delaware County prior to Pratt's joinder in this action, then T.R. 21(B) would allow the trial court to maintain this matter even if Pratt's joinder would otherwise disturb the trial court's venue. However, preferred venue was not established in Delaware County at any time in this litigation.

Pierce alleged in his initial Complaint that University Motors, Inc., was located in Tippecanoe County. Pierce further agreed that Carroll was a resident of Tippecanoe County and dismissed him from the lawsuit. Finally, Pierce has not disputed Pratt's assertion that he is a resident of Tippecanoe County. As all of the defendants are residents of Tippecanoe County, it is clear that Tippecanoe County is the correct venue for this matter.

The reasoning behind T.R. 21(B) has been explained in the Civil Code Study Commission Comments: "This is a new provision to avoid the expense and time of separating different claims with respect to different parties simply because venue requirements may differ or because the court lacks jurisdiction over the subject matter of the litigation." 2 W. Harvey, Indiana Practice at 263 (2nd ed.1987). In the case at bar, however, Pierce, in his Second Amended Complaint, has presented only one claim for monies owed against one defendant, Pratt. Transferring venue to the county of preferred ven-

---

**3.** T.R. 75(A)(5) does not apply unless at least one of the defendants is a governmental organization and none of the defendants herein are governmental organizations. *Humphrey*, 692 N.E.2d at 934–35.

**4.** Both parties cite *Elliott v. Roach*, 409 N.E.2d 661 (Ind.Ct.App.1980), as supportive of their respective positions with regard to T.R. 21(B). In *Elliott* the plaintiff filed an action seeking recovery of $64.50 before the Wayne Township Justice of the Peace, and the case was transferred to the Marion County Municipal Court which at that time had a $10,000.00 subject matter jurisdiction over initial actions. *Id.* at 664. (The Marion County Municipal Courts have since become Superior Courts.) The defendants filed counterclaims for defamation demanding $200,000.00 each. *Id.* On appeal, Elliott, the plaintiff, claimed that the trial court did not have jurisdiction to hear the defendants' counterclaims. We held that jurisdiction over the counterclaims was available under T.R. 21(B). *Id.* at 665.

In doing so, we stated: "[T]here is no assertion the municipal court did not properly acquire initial jurisdiction over Elliott's claim for damages, and the amount of that claim was well within the limits of the court's statutory jurisdiction...." Because the trial court had initial jurisdiction over Elliott's original claim, T.R. 21(B) was available to allow the trial court to retain jurisdiction over the counterclaims even though the counterclaimants demanded sums which exceeded the jurisdictional limit of the Marion County Municipal Court. The *Elliott* decision was specifically limited "to cases involving counterclaims for money damages exceeding such ceiling." *Id.* at 669 n. 14.

The case before the Court today is not a case concerning a counterclaim that exceeded the trial court's statutory jurisdictional ceiling. Nevertheless, it is worth noting that it was critical to our decision in *Elliott* that the trial court had initial jurisdiction over the plaintiff's claim prior to the filing of the counterclaim which disturbed the court's jurisdiction. Here the trial court did not have preferred venue over this action prior to the addition of Pratt as a defendant.

ue in this matter will not cause a separation of claims or parties.

■ To allow Pierce to maintain this action in Delaware County based on T.R. 21(B) would circumvent the purpose of this trial rule and further, would allow Pierce to avoid the provisions of T.R. 75(A). "It is the general spirit and policy of the rules governing venue to give the defendant the right to have the action tried in the county of his or her residence." *State of Indiana, ex rel. Indiana State Board of Tax Commissioners v. Indiana Chamber of Commerce, Inc.*, 712 N.E.2d 992, ———— (Ind.Ct.App.1999). Therefore, we conclude that the trial court abused its discretion in denying Pratt's motion to transfer venue.

## II. *Travel Costs and Attorney Fees*

Pratt also claims that the trial court improperly denied his request for mileage reimbursement and attorney fees under T.R. 75(C).

T.R. 75(C) provides:

When the case is ordered transferred under the provisions of this rule or Rule 21(B) the court shall order the parties or persons filing the complaint to pay the filing costs of refiling the case in the proper court and pay mileage expenses reasonably incurred by the parties and their attorneys in resisting the venue; and if it appears that the case was commenced in the wrong county by sham pleading, in bad faith or without cause, the court shall order payment of reasonable attorneys' fees incurred by parties successfully resisting the venue.

■ Consequently, when a case is ordered transferred under T.R. 75, T.R. 75(C) requires the trial court to order the party filing the complaint to pay the refiling costs and the mileage costs incurred by the parties and their counsel in resisting venue. Because we have found that the trial court erred in not granting Pratt's motion to transfer venue, we must also find that the trial court erred in not ordering Pierce to pay the reasonable mileage expense of Pratt and his counsel.

■ The trial court, however, is only required to award attorney fees to Pratt, "if it appears that the case was commenced in the wrong county by sham pleading, in bad faith or without cause." A request for attorney fees under T.R. 75(C) has previously been addressed by this Court in *Parkison v. TLC Lines, Inc.*, 506 N.E.2d 1105 (Ind.Ct.App.1987). In *Parkison*, we held that: "Some action more egregious than simply failing to select a primarily preferred venue must be present to support an award [of attorney fees] under T.R. 75(C)." *Id.* As did the plaintiff in *Parkison*, Pierce filed this action in a county of proper venue, although the county of preferred venue was Tippecanoe County. Delaware County would have been the preferred venue under T.R. 75(A)(10), if preferred venue had not established under any of the other nine subsections.

Therefore, we find that the trial court abused its discretion in not ordering Pierce to reimburse Pratt for his and his counsel's reasonable mileage expense incurred in resisting venue; although, the trial court did not abuse its discretion in denying Pratt's request for attorney's fees.

## CONCLUSION

We find that the trial court abused its discretion in denying Pratt's motion to transfer venue to Tippecanoe County and in denying Pratt reimbursement of his and his counsel's mileage expense. We affirm the trial court's denial of Pratt's request for attorney fees. Accordingly, we reverse and remand with instructions that the trial court grant the mileage expense request, but vacate all other orders and judgments in this case and thereafter transfer venue to Tippecanoe County pursuant to T.R. 75(B) and (C).

This cause is reversed in part, affirmed in part, and remanded for proceedings consistent herewith.

SULLIVAN, J., and MATTINGLY, J., concur.