CITY OF SOUTH BEND, DEPARTMENT OF PUBLIC WORKS, Appellant–Third Party Defendant Below,

v.

D&J GRAVEL CO., INC. d/b/a Michigan Precast Concrete, Appellee–Plaintiff Below,

and

Prestress Services, Inc., Appellee–Defendant Below.

No. 18A02–9912–CV–848.

Court of Appeals of Indiana.

April 26, 2000.

Michelle L. Engel, Assistant City Attorney, South Bend, Indiana, Attorney for Appellant.

J. Michael Cavosie, Thomas A. Pastore, Easter & Cavosie, Sydney L. Steele, Steven L. Jones, Lowe Gray Steele & Darko, Indianapolis, Indiana, Scott Ainsworth, Devoss, Johnson, Baker & Ainsworth, Decatur, Indiana, Attorneys for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

The City of South Bend, Department of Public Works (the "City"), brings this interlocutory appeal under Indiana Appellate Rule 4(B)(5) from the trial court's denial of the City's motion to transfer venue of this cause from Delaware County to St. Joseph County.[1] The sole issue presented for our review is whether the trial court abused its

---

1. *See* Ind. Appellate Rule 4(B)(5).

discretion when it denied the City's motion to transfer.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On February 18, 1998, the City entered into a contract with Prestress Services, Inc. ("Prestress"), an Indiana corporation with an office located in Adams County, for the construction of a precast parking garage in South Bend. Prestress then subcontracted the fabrication of architectural precast concrete panels to D&J Gravel Co., Inc., d/b/a Michigan Precast ("D&J Gravel"), a Michigan corporation. After disputes arose between them, Prestress notified D&J Gravel that it was terminating the subcontract. Because of the resultant delay in construction, the City withheld payment from Prestress as liquidated damages under their contract. On June 9, 1999, D&J Gravel filed its complaint in the Delaware Circuit Court against Prestress for wrongful termination of its subcontract.[2] Prestress then counterclaimed against D&J Gravel and also filed a third-party complaint against the City for payment of the liquidated damages which the City had withheld.

On September 9, 1999, the City filed its objection to venue and motion to transfer venue from Delaware County to St. Joseph County. On September 30, 1999, D&J Gravel and Prestress filed their Joint Stipulation to Venue and Response to Objection to Venue and Motion to Transfer. After hearing oral argument, on November 1, 1999, the trial court issued its order denying the City's motion to transfer. This interlocutory appeal ensued.

**2.** On July 15, 1999, Prestress filed a complaint against its surety, F&D insurance. F&D Insurance has moved to consolidate its lawsuit with the present suit. Record at 69. It appears that the trial court has yet to rule on that motion.

## DISCUSSION AND DECISION

 A trial court's order on motion to transfer venue under Indiana Trial Rule 75(A) is an interlocutory order reviewed for an abuse of discretion. *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.*

 Pursuant to Trial Rule 75(A), a case may be commenced in any county in Indiana. *Shelton v. Wick*, 715 N.E.2d 890, 893 (Ind.Ct.App.1999), *trans. denied.* However, upon the filing of an appropriate motion, the trial court must transfer the case to the county selected by the party which first files such motion if: (1) the court where the action was initially filed was not a "preferred venue" as defined by Trial Rule 75(A), and (2) the county selected by the party which filed the motion is a county of preferred venue. *Id.* Preferred venue is determined in accordance with Trial Rule 75(A)(1) through (9).[3] Trial Rule 75(A) creates no preference among these subsections. *Pratt*, 713 N.E.2d at 315. If suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *State ex rel. Indiana State Bd. of Tax Comm'rs v. Indiana Chamber of Commerce, Inc.*, 712 N.E.2d 992, 995 (Ind.Ct.App.1999).

 Here, in denying the City's motion to transfer, the trial court concluded that Trial Rule 75(A)(6) established preferred venue in Delaware County. That subsection provides that preferred venue lies in:

> [T]he county or court fixed by written stipulations signed by all the parties named in the complaint or their attorneys and filed with the court before ruling on the motion to dismiss[.][4]

**3.** If no county of preferred venue is established under Trial Rule 75(A)(1) through (9), preferred venue may be established under Trial Rule 75(A)(10).

**4.** The City filed an "objection to venue and motion to transfer" pursuant to Trial Rule 75(A). Although Trial Rule 75(A) refers to a

Ind. Trial Rule 75(A)(6). Before the trial court's denial of the City's motion to transfer, D&J Gravel and Prestress filed their written stipulation to venue in Delaware County on September 30, 1999. The City, which had been joined as a third-party defendant was not a party to the stipulation.

D&J Gravel and Prestress [5] contend that the Trial Rule 75(A)(6) provision that a written stipulation to preferred venue be signed by all the parties named in the complaint refers only the parties to the original complaint. We cannot agree with that interpretation. We read the phrase "all the parties named in the complaint" in Trial Rule 75(A)(6) to mean that a written stipulation to preferred venue must be signed by all the parties to the lawsuit at the time the stipulation is filed with the court. That would include parties to the original complaint, amended complaints and third-party complaints. Because the City was made a party by the third-party complaint, the written stipulation between the other two parties filed after the City had been joined did not establish preferred venue in Delaware County under Trial Rule 75(A)(6).

D&J Gravel and Prestress also maintain that the trial court's denial of a motion to transfer was nevertheless appropriate under Trial Rule 21(B). Trial Rule 21(B) provides in relevant part:

> The court shall have venue and authority over all persons or claims required to be joined or permissively joined, impleaded or included by intervention, interpleader, counterclaim or cross-claim if it has venue or is authorized to determine any claim asserted between any of the parties thereto, notwithstanding any requirement of venue or of jurisdiction over the subject-matter applicable to other claims or other parties.

"motion to dismiss" under Trial Rule 12(B)(3), the rule also provides that the appropriate remedy where a case is filed in a court of unpreferred venue is transfer of the case, not dismissal.

In other words, Trial Rule 21(B) allows a trial court to maintain subject-matter jurisdiction and venue over an action when a person or claim is joined that would otherwise disrupt the trial court's subject-matter jurisdiction or venue. *Pratt,* 713 N.E.2d at 316. Thus, if preferred venue were established *prior* to a party's joinder in the action, Trial Rule 21(B) would allow the trial court to maintain venue even if the joinder would otherwise disturb the trial court's venue. *Id.* However, if preferred venue had not been established, transfer would be required. *See id.*

In *Pratt,* the plaintiff filed his original complaint against one defendant in Delaware County. *Id.* at 314. The plaintiff then filed an amended complaint adding a second defendant. Four months later, the plaintiff joined Pratt in the action as a defendant by way of a second amended complaint. Pratt, a resident of Tippecanoe County, filed his motion to transfer for improper venue pursuant to Trial Rule 75(A), arguing that Delaware County was not a county of preferred venue and that Tippecanoe County was a county of preferred venue. The trial court denied Pratt's motion. On appeal, we agreed with Pratt that the trial court abused its discretion when it denied his motion. Specifically, we noted that because Pratt was joined by way of a second amended complaint, if preferred venue had been established in Delaware County *prior* to Pratt's joinder in the action, then Trial Rule 21(B) would have allowed the trial court to maintain venue even if Pratt's joinder would have otherwise disturbed the trial court's venue. *Id.* at 316. However, because preferred venue had never been established in Delaware County, transfer to Tippecanoe County, a preferred venue, was required. *Id.* at 316–17.

**5.** Although Prestress did not file a brief on appeal it filed a notice of concurrence with the brief filed by D&J Gravel.

Here, the City was joined in this action as a defendant by way of Prestress' third-party complaint. When the City was joined, no written stipulation meeting the requirements of Trial Rule 75(A)(6) had been filed with the court. Consequently, preferred venue had not been established in Delaware County before the City was joined. Trial Rule 21(B) does not preclude transfer of venue.

As we have stated, when a party files a motion to transfer for improper venue, the trial court must transfer the case to the county selected by the moving party if the county in which the action is filed *is not* a county of preferred venue and the selected county *is* a county of preferred venue. *Shelton,* 715 N.E.2d at 893. The present suit was filed in Delaware County and the City moved to transfer to St. Joseph County. Delaware County is not a county of preferred venue pursuant to any subsection of Trial Rule 75(A). St. Joseph County is a county of preferred venue under Trial Rule 75(A)(1), (2), and (5). It is the county where one of the defendants resides, where the land is located, and where the principal office of a defendant governmental organization is located. We conclude that the trial court erred when it denied the City's motion to transfer venue to St. Joseph County.[6]

In sum, a written stipulation to preferred venue under Trial Rule 75(A)(6) must be signed by all those who are parties to the lawsuit when the stipulation is filed with the court. A stipulation filed by less than all those who are parties does not establish preferred venue in any county. Consequently, upon appropriate motion, a party joined in an action before preferred venue has been established is entitled to a transfer to a county of preferred venue.

The trial court's denial of the City's motion to transfer is reversed.

Reversed.

ROBB, J., and BROOK, J., concur.

---

6. We disagree with D&J Gravel and Prestress that this outcome will allow multiple transfers of venue as additional third-party defendants are impleaded or joined. As we stated, once preferred venue has been established in a county, Trial Rule 21(B) provides that a trial court maintains subject-matter jurisdiction and venue over an action even if a party is joined that would disrupt that venue.