John R. **WONTORSKI** and Laura A. **Wontorski**, Appellants–Defendants,

v.

**WILLIAMSBURG MOBILE HOMES, INC.**, Appellee–Plaintiff.

No. 56A04–0112–CV–530.

Court of Appeals of Indiana.

Sept. 26, 2002.

Rehearing Denied Nov. 7, 2002.

David E. Wickland, Munster, IN, Attorney for Appellants.

Harry J. Falk, Bower & Falk, Kentland, IN, Attorney for Appellee.

## OPINION

SULLIVAN, Judge.

Williamsburg Mobile Homes, Inc. ("Williamsburg") filed suit for breach of contract and to foreclose a mechanic's lien against John and Laura Wontorski following their purchase of a modular home from Williamsburg. The Wontorskis appeal from the trial court's order denying their motion to transfer venue of the claims against them from Newton Circuit Court to Lake County, where the property at issue in the litigation is located. We restate the issues presented as whether the trial court erred in finding that venue was controlled by a forum selection clause contained in a purchase contract between the parties.

We affirm.

The Wontorskis entered into a contract with Williamsburg to purchase the modular home on July 17, 1999. The contract, which was signed by both John and Laura, contained a forum selection clause which reads:

> "14. CONTROLLING LAW AND PLACE OF SUIT. The law of the State, in which I sign this contract, is the law which is to be used in interpreting the terms of the contract. You and I agree that if any dispute between us is submitted to a court for resolution, such legal proceeding *shall take place in the county in which your principle offices are located.*" Appendix at 42 (emphasis supplied).

On October 13, 2000, Williamsburg filed a notice of mechanic's lien for the amount of $21,272.85 against the property upon which the modular home was located. On July 25, 2001, Williamsburg filed its complaint against the Wontorskis. On September 1, 2001, the Wontorskis filed a motion to dismiss pursuant to Trial Rule 12(B)(3) and Trial Rule 75.[1] Both parties

---

1. Even though the Wontorskis' motion was titled as a motion to dismiss, they requested that the cause be either dismissed or transferred to Lake County. According to T.R.

filed memoranda addressing the propriety of the motion to dismiss. Following a hearing upon the matter, the trial court entered an order stating that the Wontorskis' motion to dismiss was denied, with the cause to proceed in Newton County.

 A case may be commenced in any county in Indiana pursuant to Trial Rule 75. *City of South Bend, Dep't of Public Works v. D & J Gravel Co., Inc.*, 727 N.E.2d 719, 721 (Ind.Ct.App.2000). Upon the filing of a proper motion, a trial court must transfer the case to the county selected by a party if: (1) the court where the cause was initially filed was not in a county of preferred venue as defined by Indiana Trial Rule 75(A), and (2) the county selected by the party seeking transfer is a county of preferred venue. *Id.* Trial Rule 75(A) creates no preference among the counties of preferred venue. *Id.* Transfer of venue will not be granted if a suit is initially filed in a county of preferred venue. *Id.*

The Wontorskis make several assertions regarding their claim. They allege that because the cause of action to foreclose the lien is equitable, the entire cause is drawn into equity and that preferred venue for the equity action should control. They further assert that Indiana law requires that actions to foreclose a mechanic's lien must be brought in the county in which the real property is located, and hence, as the home was constructed upon real estate located in Lake County, the entire cause

should proceed in Lake County, and not Newton County as the language in the forum selection clause requires.

In making the assertion that the entire cause must be drawn into equity, it is apparent that the Wontorskis believe that if an essential part of one *cause of action* is equitable, then the entire *cause*[2] must be considered equitable. Once the entire cause is deemed equitable, the Wontorskis argue that the contract would no longer have a controlling effect upon the venue of the case. Rather, the Wontorskis assert that since both T.R. 75 and Indiana Code § 32–8–3–6 (Burns Code Ed. Repl.1995)[3] require that the foreclosure action be conducted in Lake County, the entire cause must be heard in Lake County.

Because there is no case law addressing such issue, the Wontorskis base their assertion upon an analogy to a party's right to a jury trial in situations in which a cause is comprised of both equitable and legal causes of action. They claim that case law has interpreted Indiana Trial Rules 38 and 39 as denying the right to a jury trial on an entire cause when an essential part of a cause of action is equitable. *See Baker v. R & R Const., Inc.*, 662 N.E.2d 661 (Ind. Ct.App.1996). The Wontorskis claim by analogy is that if the right to a jury trial is controlled by whether part of a cause is equitable, then the venue of the cause should also be controlled by the equitable cause of action.

75(B), the appropriate remedy is for the trial court to transfer the cause to a court with preferred venue, not to dismiss the case.

2. In discussing the issues at question in this case, we apply the definitions used by our Supreme Court in *Songer v. Civitas Bank*, 771 N.E.2d 61 (Ind.2002). A "cause" is a "lawsuit," whereas a "cause of action" is "a legal theory of a lawsuit." *Id.* at 66. They are distinguishable because a single "cause" may be comprised of many "causes of action." *Id.*

3. The Wontorskis cite to Indiana Code § 32–8–3–6 for authority to support their contention that actions to foreclose a mechanic's lien must be brought in the county in which the real estate is located. This authority was recodified in Ind.Code § 32–28–3–6 (Burns Code Ed. Repl.2002) by act of the legislature, effective July 1, 2002.

However, since the time that the Wontorskis submitted their brief, the Indiana Supreme Court has disapproved of the authority upon which the Wontorskis rely. In *Songer v. Civitas Bank*, 771 N.E.2d 61 (Ind.2002), our Supreme Court reviewed the case law which has developed in determining whether equity controlled for the purpose of conducting a bench trial as opposed to a trial by jury. Our Supreme Court approved of the first case, *Hiatt v. Yergin*, 152 Ind.App. 497, 284 N.E.2d 834 (1972), *called into question on other grounds by Erdman v. White*, 411 N.E.2d 653 (Ind.Ct.App.1980), which interpreted T.R. 38(A) as it was adopted in 1970. *Songer*, 771 N.E.2d at 67. However, our Supreme Court noted that several cases had misconstrued the holding of *Hiatt. Id.* at 67–68. These cases, including *Baker*, failed to recognize the distinction between a "cause of action" and a "cause." *Id.* at 68. Our Supreme Court then determined that the correct reading of T.R. 38(A), and of *Hiatt*, is that inclusion of an equitable cause of action does not draw an entire case into equity. *Id.* Rather, T.R. 38(A) requires that if there are distinct causes of action, those which are equitable are not triable to a jury, but those causes of action within the cause which are legal claims are appropriate for trial by jury. *Id.* at 68.

Drawing upon the analogy offered by the Wontorskis, we are not faced with a situation in which the entire cause is drawn into equity. One cause of action is grounded in legal principles and the other in equity. Therefore, applying the analogy of the right to a jury trial to the venue of this case, the Wontorskis and Williamsburg would be subject to two trials, the contract issue to be tried in Newton County and the equitable issue to be tried in Lake County. Not only is this result undesirable, we also do not believe that it is warranted under any theory advanced by the Wontorskis.

The grant or denial of a jury trial in a civil case is governed by T.R. 38 and 39. Trial Rule 38, as discussed, makes a distinction between whether the cause of action is in equity or at law. Venue of a trial, on the other hand, is controlled by T.R. 75. Trial Rule 75 makes no distinction between causes of action which are in equity or at law. Rather, T.R. 75 focuses upon a list of criteria, some of which include equitable causes of action, which govern where preferred venue of a case lies. Because T.R. 75 makes no direct distinction based upon whether a cause of action is in equity or at law, we see no reason to read such distinction into the rule. Instead, we read T.R. 75 as it was written—preferred venue may lie in several different counties, depending upon whether the listed criteria for each county of preferred venue is met.

■ Viewing the Wontorskis' further authority, namely I.C. § 32–8–3–6, for their proposition that the cause must be conducted in Lake County, we do agree that the legislature has stated that actions to foreclose a mechanic's lien must be filed in the county where the real estate or property is located. *See Ford v. Culp Custom Homes, Inc.*, 731 N.E.2d 468 (Ind. Ct.App.2000), *trans. denied.* However, as noted in *Ford*, T.R. 75(D) states:

> "Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction." 731 N.E.2d at 473.

Because T.R. 75 explicitly takes precedence over any statute which restricts the county in which a case may be heard, I.C.

§ 32–8–3–6 does not control where the action to foreclose the mechanic's lien in this case may be heard. Instead, as stated in T.R. 75, the cause may be conducted in any county which has preferred venue. Therefore, the sole issue left for this court is whether the forum selection clause which is contained in the contract is valid for purposes of establishing venue as originally filed.

In *Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc.*, 596 N.E.2d 248 (Ind.Ct.App.1992), *trans. denied*, this court determined that contractual provisions, even those contained in form contracts, which seek to limit the litigation of future actions to particular courts or places are enforceable if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court. Based upon that decision, the forum selection clause in this case would dictate that the action proceed in Newton County. However, the question which was left unanswered in *Mechanics Laundry & Supply, Inc.* is whether the forum selection clause would constitute a stipulation for the purposes of satisfying T.R. 75(A)(6). In footnote 1, this court noted that Mechanics asserted, without authority, that the contract at issue served as the written stipulation. *Id.* at 249. The court then determined that the contract did not meet the requirements set out in T.R. 75(A)(6) because one of the parties named in the complaint did not sign the contract. *Id.* This left unresolved the issue of whether a contract could constitute a "written stipulation signed by all the parties named in the complaint or their attorneys and filed with the court before

ruling on the motion to dismiss." T.R. 75(A)(6). In its brief, Williamsburg asserts that such contract does meet the requirements of T.R. 75(A)(6).

At first glance, T.R. 75(A)(6) may seem to contemplate the situation in which the parties stipulate to venue once it is clear that a dispute has arisen and that a party to the dispute will file an action in the trial court. However, such a narrow reading of T.R. 75(A)(6) is not justified in light of the plain meaning of the words it contains. The main focus of concern is whether "stipulations" refers to contracts entered into before any dispute has arisen, or those that are agreed to only after it has become apparent that a lawsuit will be commenced. To answer this question, we need look no further than the definition of "stipulation." "Stipulation" is defined as: "A material condition or requirement in an agreement; esp., a factual representation that is incorporated into a contract as a term . . . ." BLACK'S LAW DICTIONARY 1427 (7th ed.1999).

In this case, it is undisputed that there is a contract which was signed by both John and Laura Wontorski and by a representative of Williamsburg. This contract contains the forum selection clause which restricts venue for any dispute arising between the parties to the county where Williamsburg's principal office is located, i.e. Newton County. A copy of the contract was filed with the complaint. As such, the contract which was submitted to the court satisfies the requirements of T.R. 75(A)(6) as a written stipulation, naming the place of venue, which was signed by all the parties to the complaint and was filed with the court before the ruling on the motion to dismiss.[4]

---

4. The Wontorskis also claim that actions to enforce mechanic's liens are not the type of suits to which forum selection clauses are applicable, and cite to Florida cases for support. However, as stated above, T.R. 75 does

not create a hierarchy in which actions to foreclose a mechanic's lien must be tried, as opposed to other counties which have preferred venue. Because we have determined that the forum selection clause contained in

In sum, while the forum selection clause contained in the contract entered into between the Wontorskis and Williamsburg would be enforceable according to the holding of *Mechanics Laundry & Supply, Inc.,* we need not rely upon that holding because the contract also meets the requirements of T.R. 75(A)(6) in that it satisfies the requirement of a written stipulation. Because the written stipulation is valid, preferred venue of this case lies in Newton County, the county in which Williamsburg's principle office is located.

The order of the trial court is affirmed.

BAKER, J., and DARDEN, J., concur.

the contract satisfied T.R. 75(A)(6), we do not address in what type of situations a forum selection clause may be unreasonable or unjust, rendering the forum selection clause inapplicable, and consequently requiring that the cause be conducted in a preferred venue as delineated by T.R. 75.