Brian R. LINKY, an Individual; Nathan Goldenberg, an Individual; and Servit, a Georgia Corporation, Appellants–Defendants,

v.

MIDWEST MIDRANGE SYSTEMS, INC., an Indiana Corporation, Appellee–Plaintiff.

No. 49A02–0305–CV–373.

Court of Appeals of Indiana.

Nov. 25, 2003.

Dennis R. Brown, Dennis H. Geisleman, Law Office of Dennis H. Geisleman, Fort Wayne, IN, Attorneys for Appellant.

J. David Young, Law Offices of J. David Young, Doug Byrum, Hall & Griffin, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Brian Linky raises one issue in this interlocutory appeal of right under Indiana Appellate Rule 14(A)(8): whether the trial court abused its discretion by denying his Motion to Transfer for Incorrect Venue. Specifically, Linky argues that Marion County, the venue in which appellee-plaintiff Midwest Midrange Systems, Inc. ("Midwest"), brought this case, is not a preferred venue. Thus, he claims that the cause should be transferred to Kosciusko County, which is a preferred venue. Finding that the trial court did not abuse its discretion, we affirm.

## FACTS

On April 25, 2001, Linky, a resident of Kosciusko County, signed an Employment Agreement with Midwest, an Indiana corporation with its principal place of business in Kosciusko County and an additional office in Indianapolis, to work at the

Kosciusko County office. That contract did not contain an applicable law clause. On June 4, 2002, Nathan Goldenberg, a resident of Kosciusko County, also signed an Employment Agreement with Midwest to work at the Kosciusko County office. However, that contract did contain an applicable law clause, which selected Indianapolis as the venue for any action at law or in equity relating to the employment agreement between the signing parties. Linky also signed Goldenberg's contract in his capacity as sales manager for Midwest. Both Employment Agreements contained "do not compete" clauses.

On March 11, 2003, Midwest brought suit in Indianapolis, Marion County against Linky and Goldenberg based on their alleged violations of the non-compete clauses. Additional claims were made against ServIT, a Georgia corporation with one Indiana office in Kosciusko County, which currently employs Linky and Goldenberg. On April 2, 2003, Linky filed a Motion to Dismiss or Transfer for Incorrect Venue Under Trial Rule 75, alleging that Marion County is not a preferred venue, and that a preferred venue lies in Kosciusko County. The trial court denied transfer in an order issued on April 10, 2003. In its order, the trial court found that the issue of venue was settled as between Midwest and Goldenberg based on their contractual selection of Marion County as their preferred venue. The trial court further reasoned that because a preferred venue had been established, it was no longer subject to change by a party who would prefer to be elsewhere. The trial court stated that "[a]ll of the parties herein would be subject to joinder under T.R. 21(B), and the sequence of their inclusion should not change the intent of that trial rule." Appellant's App. p. 8. Linky now appeals.

## DISCUSSION AND DECISION

■ Linky contends that the trial court erred in denying his motion to transfer. Specifically, he argues that the case should be transferred to Kosciusko County because that county is the preferred venue.

Initially, we note that a trial court's order on a motion to transfer venue under T.R. 75(A) is an interlocutory order and is reviewed under an abuse of discretion standard. *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). "An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Id.* (quoting *Humphrey v. Christopher*, 692 N.E.2d 932, 934 (Ind.Ct.App.1998)).

■ Preferred venue is determined in accordance with Indiana Trial Rule 75(A)(1)-(9). *Pratt*, 713 N.E.2d at 315. This rule sets forth a number of options for venue which include the following:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

. . .

(4) the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint; or

. . .

(6) the county or court fixed by written stipulations signed by all the parties named in the complaint or their attor-

neys and filed with the court before ruling on the motion to dismiss; or

. . .

(8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding; or

. . .

(10) the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.

Ind. T.R. 75. The rule creates no preference among the first nine subsections. *Pratt,* 713 N.E.2d at 315. If no county of preferred venue is established under Trial Rule 75(A)(1)-(9), the rule makes it clear that preferred venue may be established under Trial Rule 75(A)(10). It is the general rule that a lawsuit may be commenced in any county in Indiana. Ind. Trial Rule 75(A). However, when a party files for a motion to transfer to a preferred venue, the trial court must transfer the case to the county selected by the moving party if it is a preferred venue and the county in which the action was filed is not a preferred venue. *Pratt,* 713 N.E.2d at 315. If the lawsuit is initially filed in a county of preferred venue, a transfer will not be granted. *City of South Bend v. D & J Gravel Co., Inc.,* 727 N.E.2d 719 (Ind.Ct. App.2000).

Indiana has long upheld venue and forum selections made by stipulation. The forum selection issue was addressed in *Mechanics Laundry v. Wilder Oil Co.,* 596 N.E.2d 248, 251 (Ind.Ct.App.1992), where we stated, "We have repeatedly held that parties may consent by contract to the exercise of personal jurisdiction by courts that otherwise might not have such jurisdiction." We further observed that contractual provisions that seek to limit "the litigation of future actions to particular courts or places are enforceable if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court." *Id.* at 250.

It is clear from the record that venue properly lies in Marion County as to Goldenberg based on the "Applicable Law" section of his employment contract. Appellant's App. p. 72. But for this contractual provision, Marion County would not otherwise be a preferred venue under Trial Rule 75(A)(1)-(9). There is no evidence in the record of fraud or overreaching in the formation of the contract, and thus the provision is enforceable.

■ What remains at issue is whether Goldenberg's employment contract is enough for venue to properly lie in Marion County as to Linky. We believe that it is. If the venue in which the plaintiff files the case is preferred as to one defendant, then the venue is preferred as to all defendants. Thus, because the forum selection clause is applicable to Goldenberg, it follows that it is applicable to all of the defendants. *See Parkison v. TLC Lines, Inc.,* 506 N.E.2d 1105, 1108 (Ind.Ct.App.1987) (finding that the drafters of Trial Rule 75(A)(1) determined that one preferable location for a case in which all defendants resided in different counties was any county in which a single defendant resided).

Had Midwestern originally sued Goldenberg in Marion County and Linky in Kosciusko County but later joined the two actions in Marion County, this case would not be before us today. We conclude, as did the trial court, that this action would properly be in Marion County if Linky had been joined pursuant to Trial Rule 21(B), which states:

> Effect of venue or jurisdiction over part of case. The court shall have venue and authority over all persons or claims required to be joined or permissively joined, impleaded or included by intervention, interpleader, counterclaim or cross-claim if it has venue or is authorized to determine any claim asserted between any of the parties thereto, notwithstanding any requirement of venue or of jurisdiction over the subject-matter applicable to other claims or other parties. The court may transfer the proceedings to the proper court if it determines that venue or authority of the court is dependent upon a claim, or a claim by or against a particular party which appears from the pleadings, or proves to be a sham or made in bad faith; and if another action is pending in this state by or against a person upon the same claim at the time he becomes a party, the court may dismiss the action as to him, or in its sound discretion, it may order all or part of the proceedings to be consolidated with the first pending action.

It would simply constitute a waste of judicial resources to sever the action against Linky and transfer it to Kosciusko County only to have him subsequently joined as a party to the action against Goldenberg in Marion County. The sequence of the inclusion of the defendants in this action does not change the result. Thus, the trial court correctly denied Linky's motion to transfer venue.[1]

Affirmed.

BROOK, C.J., and SHARPNACK, J., concur.

---

1. Inasmuch as Marion County is a preferred venue, we hereby deny Linky's request for costs incurred while conducting litigation in a non-preferred venue.