ATTORNEY FOR APPELLANT
James S. Stephenson
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Andrew P. Wirick
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 18S02-0708-CV-306

RANDOLPH COUNTY, INDIANA,

*Appellant (Defendant below),*

v.

LEANNE CHAMNESS,

*Appellee (Plaintiff below).*

Interlocutory Appeal from the Delaware Circuit Court, No. 18C03-0601-CT-5
The Honorable Robert Barnet, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 18A02-0606-CV-493

**January 22, 2008**

**Shepard, Chief Justice.**

This case arose when a car carrying four young women left the roadway in Randolph County, and overturned and ejected one of its occupants in Delaware County, severely injuring her. The dispute so far has centered on which county has venue, the very sort of procedural wrangle that venue rules seek to avoid. We hold that when a vehicle leaves the pavement on one side of a county line and comes to rest on the other side, preferred venue lies in both counties.

**Facts and Procedural History**

On the night of April 2, 2004, appellee Leanne Chamness was riding with three other teenage women in a car traveling west on Randolph County Road 300 North at about sixty-five miles per hour, toward the Delaware County line. As the vehicle entered a curve at the county line, it left the roadway, overturned, and ejected Chamness, causing her severe injuries. The parties agree that the vehicle left the roadway in Randolph County and subsequently rolled and ejected Chamness in Delaware County.

On January 26, 2006, Chamness, a Randolph County resident, filed a claim for damages in Delaware Circuit Court against appellant Randolph County. She asserted that Randolph County had "negligently failed to properly construct, maintain, and supervise [County Road 300 North] and adjacent area." (Appellant's App. at 9-10.) Randolph County moved for a change of venue, contending that Randolph County is the only preferred venue under Ind. Trial Rule 75. Chamness contested the change of venue, arguing that the accident occurred in Delaware County for purposes of Rule 75(A)(3) because her injuries were sustained there, making Delaware County a preferred venue. The trial court heard arguments and denied the motion for change.

Randolph County sought this interlocutory appeal. The Court of Appeals accepted the appeal and reversed, interpreting Rule 75(A)(3) to mean preferred venue lies in the county in which the tortious conduct took place – in this case, Randolph County. Randolph County v. Chamness, 859 N.E.2d 795 (Ind. Ct. App. 2007). We granted transfer and now affirm the trial court.

**Preferred Venue Rules Exist Primarily for Convenience**

Trial Rule 75(A) sets forth the venue requirements for actions filed in Indiana courts. Generally, any case may be venued in any court in the state, subject to the right of an objecting party to request that the case be transferred to a preferred venue listed in Rule 75(A). There may be, and often is, more than one preferred venue for a given case. Meridian Mut. Ins. Co. v.

<u>Harter</u>, 671 N.E.2d 861 (Ind. 1996). If the action was filed in a preferred venue, change of venue cannot be granted. Ind. Trial Rule 75(A).

This case implicates two of Rule 75(A)'s preferred venue provisions. Subsection (5) provides that preferred venue lies in "the county where either one or more individual plaintiffs reside [or where] the principal office of a governmental organization is located . . . if one or more governmental organizations are included as defendants in the complaint." In this case, both the plaintiff and the defendant governmental entity reside in Randolph County, indisputably making Randolph County a preferred venue.[1] Meanwhile, subsection (3) locates preferred venue in "the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle." No one involved in this proceeding disputes that the case involves a claim for damages from operating a motor vehicle.

Thus, the question presented is whether Delaware County also qualifies as a preferred venue, as "the county where the accident or collision occurred."

Like so many of our most durable legal doctrines, venue rules derive from English common law. Early English rules of procedure required a civil action to be "laid" in the county in which the cause of action arose. The only lasting reason for this rule was the convenience of all those involved in the litigation.

> The rule had the virtue of not favoring either the plaintiff or the defendant. If events involved in an action had occurred in a county it was fair to try the action in that county. Witnesses, ordinarily would be found in the county and could attend court without great inconvenience. A view by the jury could be had. While it is never possible to say in advance what place will be convenient for the trial of a particular case, if a general rule of convenience is to be made for all cases, the rule requiring trial where the cause of action arose has very great merit.

William Wirt Blume, <u>Place of Trial of Civil Cases: Early English and Modern Federal</u>, 48 Mich. L. Rev. 1, 37 (1949).

---

[1] Paradoxically, had Chamness sued Randolph County in Randolph County, the County and Chamness would both have been entitled to an automatic change of venue under Trial Rule 76.

Rule 75(A) reflects this thinking. Preferred venue is located in counties where information is readily available, where relevant land and personal property can be found, where witnesses can be easily brought to court, and where the litigants reside or hold office. Reliable preferred venue rules increase judicial efficiency because a judge can focus on the merits of a dispute rather than its relocation to a more convenient forum. Litigants likewise benefit from relative certainty about the preferred forum and from the savings in time and expense that such rules provide.[2]

The issue in this case is "where the accident or collision occurred" for determining preferred venue under Rule 75(A)(3). Randolph County contends that the trial court should have granted its requested change of venue because the "accident or collision" occurred in Randolph County at the place of the negligent act, even if damages resulted in another county. Chamness, on the other hand, argues that the place of injury is just as vital to the claim as the place of negligence. Therefore, she contends that Delaware County is a preferred venue because the car collided with the ground and Chamness sustained injuries there.

This extraordinary situation, evocative of a law professor's hypothetical, merely calls for adherence to the spirit of convenience underlying the venue rules, rather than an examination of the technical language.[3] Witnesses are likely to be found in either or both counties. A police report is just as likely found in either county. A jury viewing of the accident site is easily arranged from either county. Most people would say that this accident occurred in both counties, and if we were to hold that an "accident or collision" must occur only in one county, we would not add any level of convenience, only a level of disputatiousness.

If a car runs off the road in one county, and lands in another, an injured plaintiff may file suit in either county. Our construction of Rule 75(A)(3) in this rare circumstance does no violence to the rule's language, nor can be it be said that the narrow rule we announce today defies the expectations of litigants.

_____

[2] This time, Indiana's venue rules have worked to favor the injured plaintiff, but those who usually represent defendants also view this state's venue rules favorably. See U.S. Chamber of Commerce, 2007 State Liability Systems Ranking Study 26 (2007) (survey of in-house general counsel and other senior corporate litigators).

[3] In a recent case, we also followed the underlying intent of the venue rules, even though the literal language read differently. R & D Transp., Inc. v. A.H., 859 N.E.2d 332 (Ind. 2006).

**Conclusion**

We affirm the trial court's decision denying change of venue from Delaware County.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.