**GULF STREAM COACH, INC.,**
**Appellant–Defendant,**

v.

**Joseph CRONIN and Dawn Cronin,**
**Appellees–Plaintiffs.**

No. 48A02–0808–CV–686.

Court of Appeals of Indiana.

March 19, 2009.

Brian L. Hoffer, Randy J. Spitaels, Kindig & Sloat, PC, Nappanee, IN, Attorneys for Appellant.

Mark K. Dudley, Howard, DeLey & Dudley, Anderson, IN, Attorney for Appellees.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Defendant, Gulf Stream Coach, Inc. (Gulf Stream), appeals from the trial court's denial of its motion to transfer venue on a claim of breach of warranty by Appellees–Plaintiffs, Joseph and Dawn Cronin (the Cronins).

We reverse and remand with instructions.

### *ISSUE*

Gulf Stream presents a single issue for our review: Whether the trial court erred in determining that the Cronins' RV is "regularly located or kept" in Madison County, Indiana, for purposes of Indiana Trial Rule 75(A)(2).

*FACTS AND PROCEDURAL HISTORY*

On June 29, 2004, the Cronins, who are residents of the State of Pennsylvania, purchased a 2004 Gulf Stream recreational vehicle (RV) in the State of Florida. The owner's manual contained certain express warranties that required any suit thereon to be filed in Indiana. The Cronins allege that, within months, they began having problems with the RV, including the electrical power system, the atrium slideout, leaking around the windows and from the ceiling in the living area, and the couch. The Cronins claim that, because of the leaking, the RV developed a serious mold and mildew problem that made it uninhabitable. According to the Cronins, Gulf Stream took the RV in for repairs for two months in early 2005 but failed to repair many of the defects and actually caused new damage. Since February 2006, the RV has been sitting in a parking lot in Anderson, Indiana, in Madison County.

On September 18, 2006, the Cronins filed a complaint against Gulf Stream in Madison Circuit Court, alleging breach of express warranty and seeking rescission of the purchase agreement. On September 27, 2006, Gulf Stream filed a Motion to Dismiss and/or Transfer Pursuant to Indiana Rule of Trial Procedure 12(B)(3), asserting that Madison County is not a county of preferred venue under Indiana Trial Rule 75. Instead, Gulf Stream contended, preferred venue is in Elkhart County, where Gulf Stream's principal office is located. On July 2, 2008, after a hearing and briefing by the parties, the trial court issued an order denying Gulf Stream's motion, stating, "Madison County qualifies as a county of preferred venue in these circumstances. The motor home was regularly kept in Madison County for several months prior to the filing of suit, and it continues to be kept there." (Appellant's App. p. 5).

Gulf Stream now brings this interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A)(8). Additional facts will be provided as necessary.[1]

*DISCUSSION AND DECISION*

On appeal, Gulf Stream contends that the trial court should have granted its motion to transfer venue from Madison County to Elkhart County. This case turns on the interpretation of Indiana Trial Rule 75(A), a legal question that we review *de novo. Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind.2006).

Rule 75(A) sets forth the venue requirements for actions filed in Indiana courts. *Randolph County v. Chamness*, 879 N.E.2d 555, 556 (Ind.2008). Generally, any case may be venued in any court in the state, subject to the right of an objecting party to request that the case be transferred to a preferred venue listed in Rule 75(A). *Id.* There may be, and often is, more than one preferred venue for a given case. *Id.* at 557. If the action was filed in

1. We hereby deny Gulf Stream's motion to strike the Cronins' brief, which motion was based on the adequacy of the Cronins' statement of facts. While we agree with Gulf Stream that the Cronins' one-sentence "statement of facts" is inadequate, it is not the type of "redundant, immaterial, impertinent, scandalous or other inappropriate matter" that justifies the expense of a motion to strike. *See* Ind. Appellate Rule 42.

We also pause here to note problems with the appendices of the parties. Gulf Stream's appendix includes an incomplete copy of the chronological case summary, and the Cronins' appendix includes a full copy of the transcript of the hearing on the motion to transfer. Because the original transcript is already included in the record on appeal, a full additional copy was unnecessary. Indiana Appellate Rule 50 provides guidelines for those portions of the transcript that should be included in an appendix.

a preferred venue, change of venue cannot be granted. *Id.* (citing Rule 75(A)).

There is no dispute here that Elkhart County would qualify as a preferred venue in this case. Under Rule 75(A)(3), preferred venue lies in:

> the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint[.]

Gulf Stream's principal office is located in Elkhart County.

The question we must decide is whether Madison County also qualifies as a preferred venue. Rule 75(A)(2) provides that preferred venue lies in:

> The county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

To establish whether Madison County is a preferred venue under 75(A)(2), we must determine (1) whether the RV is a "chattel," (2) whether the RV is "regularly located or kept" in Madison County, and (3) whether the Cronins' complaint "includes a claim for injuries thereto or relating to" the RV. *See Bostic v. House of James, Inc.,* 784 N.E.2d 509, 512 (Ind.Ct.App. 2003), *trans. denied.*

Gulf Stream does not dispute that the RV is a chattel or that the Cronins' complaint includes a "claim for injuries thereto or relating to" the RV. Likewise, it is undisputed that the RV was located, *i.e.,* being kept, in Madison County at the time that the Cronins filed their complaint and had been there for approximately seven months. Rather, Gulf Stream argues that the RV was brought to Madison County only for purposes of this litigation and therefore was not "regularly" located or kept in Madison County. Our research reveals that the meaning of the word "regularly" in Rule 75(A)(2) has not been the subject of any Indiana appellate opinion.

There is no indication in the briefs or in the record on appeal that the Cronins have any connection to Madison County other than this litigation. Their attorney told the trial court during the hearing on the motion to transfer venue that they have never lived in Indiana. In their responses to Gulf Stream's requests for admission, the Cronins admitted that, other than the RV, they do not own any property, real or personal, in Madison County. They are residents of Pennsylvania, and they apparently spent some time in Florida, where they purchased the RV. Nonetheless, the warranties for their RV require that any suit be brought in Indiana. As such, the Cronins seem to have done one of two things: picked Madison County and then found an attorney, or picked an attorney who happened to be located in Madison County. Then the Cronins brought the RV to Anderson and parked it in a lot near their attorney's office. After the RV had been sitting in the lot for approximately seven months, their attorney filed suit in Madison Circuit Court. When confronted with a motion to transfer venue, the Cronins' attorney responded that Madison County is a preferred venue because that is where the RV is "regularly located or kept." The trial court agreed with the Cronins and denied Gulf Stream's motion.

We must determine whether the trial court got it right. We conclude that it did not.

■ In ascertaining the meaning of words in a statute or court rule, courts may consult English dictionaries. *Naugle v. Beech Grove City Schools,* 864 N.E.2d 1058, 1068 (Ind.2007). The WEBSTER'S II NEW COLLEGE DICTIONARY 934 (2001) defines "regular," in part, as "[c]ustomary, usual, or normal." Here, there is no evidence that the RV was brought to Madison County for any reason other than this litigation. Whatever the usual or normal location of the RV was, it was taken out of that location and brought to Madison County for purposes of this litigation.

We reject the suggestion made by the Cronins' counsel before the trial court that a court should not inquire into a party's motivation for bringing a chattel to a specific county. To the contrary, the use of the word "regularly" requires us to make such an inquiry. In fact, it would seem that the word "regularly" was included in Rule 75(A)(2) in order to prevent a party from establishing preferred venue by simply moving a chattel to a certain county in anticipation of litigation.

■ Perhaps most importantly, a holding in favor of the Cronins would not be limited only to out-of-state litigants. An Indiana resident in one county who wanted to file a claim relating to a chattel could establish preferred venue anywhere in the state by moving the chattel to a different county. For example, in a dispute between two residents of far-Northeast Steuben County relating to a chattel, the plaintiff could transport the chattel to far-Southwest Posey County and file suit there merely to inconvenience the defendant. In two recent cases, our supreme court has urged an adherence to the spirit and intent of the preferred venue rules. *See Chamness,* 879 N.E.2d at 558; *R & D Transport, Inc. v. A.H.,* 859 N.E.2d 332, 336–37 (Ind.2006). A holding that sanctioned the sort of hijinks described above would no doubt be contrary to that spirit and intent. As such, we hold that, when a party moves a chattel to a county, whether from out-of-state or from another Indiana county, solely for purposes of litigation, that county does not become the county where the chattel is "regularly located and kept" under Rule 75(A)(2) and therefore is not a preferred venue under Rule 75.

■ We understand the position the Cronins are in here. They have no connection to Indiana, yet they were required to bring suit here by the terms of their warranties. They had to pick a county in which to file suit, and they did that. And they did so in a county, Madison, with proper venue. *See Chamness,* 879 N.E.2d at 556 ("any case may be venued in any court in the state"). But just because a county would be a *proper* venue does not mean that it is a *preferred* venue. The right of a plaintiff to file suit in any county in the state is subject to the right of an objecting party to request that the case be transferred to a preferred venue listed in Rule 75(A). *Id.* Unfortunately for the Cronins and their attorney, Gulf Stream made such a request.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred by denying Gulf Stream's motion to transfer venue, and we remand this cause to the trial court with instructions to transfer venue to Elkhart County, pursuant to Indiana Trial Rule 75(A)(4).

Reversed and remanded with instructions.

DARDEN, J., and VAIDIK, J., concur.