**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 22 2012, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BETSY K. GREENE**
Greene & Schultz
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**EDWARD F. HARNEY, JR.**
**WILLIAM D. BEYERS**
Hume Smith Geddes Green
    & Simmons, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRENT GOODMAN, )<br>)<br>   Appellant-Plaintiff, )<br>)<br>       vs. )<br>)<br>GMH SNYDER FARMS, INC., )<br>)<br>   Appellee-Defendant. ) | No. 53A05-1110-CT-531 |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Frances G. Hill, Judge
Cause No. 53C06-1105-CT-903

**February 22, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Brent Goodman appeals the trial court's order granting a motion to transfer venue from Monroe County to Montgomery County filed by GMH Snyder Farms, Inc., ("GMH"). We affirm.

## Issue

Goodman raises one issue, which we restate as whether the trial court properly granted GMH's motion to transfer venue.

## Facts

On May 15, 2009, Goodman was injured and rendered a quadriplegic in a mechanical bull accident at the Harrodsburg Fall Festival in Monroe County. On May 13, 2011, Goodman filed a complaint against GMH, the promoter of the mechanical bull ride, alleging negligence and gross negligence. On July 11, 2011, GMH filed an answer and, on August 10, 2011, GMH filed an amended answer. That same day, GMH also filed a motion to transfer venue to Montgomery County where it and its registered agent are located. On September 12, 2011, after a hearing, the trial court granted GMH's motion to transfer venue. Goodman now appeals.

## Analysis

Goodman argues that the trial court improperly granted GMH's motion to transfer venue because Monroe County is a county of preferred venue. Indiana Trial Rule 75 governs venue requirements in Indiana and contains ten subsections setting forth criteria establishing "preferred" venue. American Family Ins. Co. v. Ford Motor Co., 857 N.E.2d 971, 973-74 (Ind. 2006). "A case or complaint may be filed in any county in

Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party." Id. at 974 (citing Ind. Trial Rule 75(A)). The rule does not create a priority among the subsections establishing preferred venue and, if the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties. Id.

Factual findings linked to a ruling on a motion under Indiana Trial Rule 75(A) are reviewed under a clearly erroneous standard, and rulings of law are reviewed de novo. Id. at 973. "If factual determinations are based on a paper record, they are also reviewed de novo." Because it appears that the trial court's factual determinations were based on a paper record, our review of the trial court's ruling is de novo.

Goodman argues that the trial court improperly transferred venue because Monroe County, the county where the accident occurred, is a county of preferred venue pursuant to Indiana Trial Rule 75(A)(2), which provides that preferred venue lies in:

> the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

Goodman argues that we should apply the nexus test articulated in Diesel Construction. Co. v. Cotten, 634 N.E.2d 1351, 1354 (Ind. Ct. App. 1994), to determine whether the claim relates to the land. In that case, we explained:

3

> The proper test for the trial court to apply to determine whether a claim relates to the land under T.R. 75(A)(2) is whether a sufficient nexus exists between the land and the underlying action. Although the doctrine of <u>forum non conveniens</u> does not apply to intrastate venue, the same considerations of the reasonableness of the place of trial and the convenience to the parties and witnesses are inherent in T.R. 75(A)(2). Hence, the nexus test will be affected by such factors as, but not limited to, whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute.

<u>Diesel</u>, 634 N.E.2d at 1354 (citation omitted).

Goodman claims there is a sufficient nexus between his claim and the land in Monroe County because the acts he alleges occurred on land in Monroe County, the witnesses are likely to be found in Monroe County, a site visit may be necessary to resolve the claim, and GMH was promoting a bull riding simulator at a festival in Monroe County. Regardless of these points, Goodman's complaint does not include a claim for injuries to or relating to land in Monroe County.[1] Goodman's complaint only refers generally to "a bull ride simulator at the Harrodsburg Fall Festival in Harrodsburg, Monroe County, Indiana." App. p. 7. Taking Goodman's argument to its logical conclusion, preferred venue would be in any county where an accident occurs, and we decline to adopt such a broad reading of Indiana Trial Rule 75(A)(2).

Our holding is consistent with our supreme court's decision in <u>R & D Transport, Inc. v. A.H.</u>, 859 N.E.2d 332, 334 (Ind. 2006), in which the court observed, "the focus of T.R. 75(A)(2) is the location of the property or activity that gives rise to a claim." The supreme court observed that the addition of chattels to the previous <u>in rem</u> emphasis

---

[1] Goodman makes no argument regarding where the chattel is regularly located.

4

"signified a broadened understanding of what kind of property might be important to determining venue, but continued to recognize the significance of real or personal property's <u>location</u> as the most important factor." <u>R & D</u>, 859 N.E.2d at 335. Thus, in the absence of some connection between Goodman's claim and the real property's location in Monroe County, Monroe County is not a county of preferred venue.

Goodman also argues that, pursuant to Indiana Trial Rule 75(A)(3), Monroe County is a county of preferred venue. According to Indiana Trial Rule 75(A)(3), preferred venue lies in "the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks[.]"

In making this argument, Goodman relies on <u>Randolph County v. Chamness</u>, 879 N.E.2d 555, (Ind. 2008), in which the plaintiff was involved in an automobile accident when the automobile left the roadway in one county and rolled and ejected the plaintiff into another county. At issue was whether "where the accident or collision occurred" meant the place where the negligent act occurred or the injury occurred. <u>Chamness</u>, 879 N.E.2d at 557-58 (quoting T.R. 75(A)(3)). The court observed, "This extraordinary situation, evocative of a law professor's hypothetical, merely calls for adherence to the spirit of convenience underlying the venue rules, rather than an examination of the technical language." <u>Id.</u> at 558.

Recognizing that witnesses and police reports are likely to be found in either or both counties, a jury viewing of the accident site is easily arranged from either county, and most people would say that this accident occurred in both counties, the <u>Chamness</u>

5

court concluded, "if we were to hold that an 'accident or collision' must occur only in one county, we would not add any level of convenience, only a level of disputatiousness." Id. After concluding that, if a car runs off the road in one county and lands in another the injured plaintiff may file suit in either county, the court observed that its construction of Indiana Trial Rule 75(A)(3) "in this rare circumstance does no violence to the rule's language, nor can be it be said that the narrow rule we announce today defies the expectations of litigants." Id.

Goodman argues that, like Chamness, the facts of this case are unique and the spirit of convenience underlying the trial rules requires reversal of the trial court's decision. Goodman claims that Monroe County is a county of preferred venue because the witnesses are presumably located in Monroe County, Goodman was rendered a quadriplegic, making travel a challenge, GMH chose to do business in Monroe County, and GMH presumably transported the bull to Monroe County by motor vehicle. These factors, taken either individually or together, however, do not bring Goodman's claim into the purview of Indiana Trial Rule 75(A)(3), which relates only to the "operation of a motor vehicle or a vehicle on railroad, street, or interurban tracks[.]"

Although it strikes us as entirely counterintuitive and we recognize Goodman's desire to bring his claim in Monroe County, Indiana Trial Rule 75(A) does not establish it as a county of preferred venue. The trial court properly granted GMH's motion to transfer venue to Montgomery County.[2]

---

[2] There is no argument that Montgomery County is not a county of preferred venue.

**Conclusion**

The trial court properly granted GMH's motion to transfer venue to Montgomery County. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.