

FILED

Apr 29 2020, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS
FLOYD FREEMAN AND CLOVER
HOMES, INC.

Andrew R. Falk
Indianapolis, Indiana

Jeffrey A. Boggess
Greencastle, Indiana

ATTORNEY FOR APPELLEES
TRACY AND ROBBYN NASH

Terrence J. Sorg
Brooks Koch & Sorg
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Floyd Freeman, Individually, and Clover Homes, Inc., | April 29, 2020 |
| *Appellants-Defendants/Third-Party Plaintiffs,* | Court of Appeals Case No. 19A-CC-1889 |
| v. | Interlocutory Appeal from the Putnam Superior Court |
| Timberland Home Center, Inc., | The Honorable Sarah K. Mullican, Special Judge |
| *Plaintiff,* | Trial Court Cause No. 67D01-1806-CC-170 |
| and | |
| Tracy Nash and Robbyn Nash, | |
| *Appellees-Third-Party Defendants,* | |
| and | |

V-Live General Services, LLC,
and Unknown Member of V-
Live General Services, LLC,

*Third-Party Defendants*

_____

V-Live General Services, LLC,

*Counterclaimant,*

v.

Floyd Freeman, individually,
and Clover Homes, Inc.,

*Counterclaim Defendants*

_____

V-Live General Services, LLC,

*Cross-Claim Plaintiff,*

v.

Timberland Home Center, Inc.,
and Tracy Nash and Robbyn
Nash,

*Cross-Claim Defendants*

_____

V-Live General Services, LLC,

*Third-Party Plaintiff,*

v.

Avila Construction, LLC, Jose
Alfredo Avila Rivas,
individually, Look-E Excavating,

Inc., William Lookabill, individually, Francis Lookabill, individually, and Bryan Young d/b/a Young Architecture Services,

*Third-Party Defendants*

**Crone, Judge.**

# Case Summary

Floyd Freeman, individually, and Clover Homes, Inc. (collectively Clover Homes), bring this interlocutory appeal of the trial court's order granting the motion to transfer venue filed by Tracy Nash and Robbyn Nash.[1] Clover Homes argues that because the original plaintiffs filed this case in a county with preferred venue, the trial court erred by transferring the action to another county with preferred venue. We agree and therefore reverse.

# Facts and Procedural History

The relevant undisputed facts follow. Around July 26, 2017, Clover Homes and the Nashes entered into a contract, in which Clover Homes agreed to sell and Nashes agreed to buy a home to be constructed on the Nashes' property located in Hendricks County. Clover Homes opened a commercial charge

---

[1] This is an interlocutory appeal of right pursuant to Indiana Trial Rule 14(A)(8).

account with Timberland Home Center, Inc., to purchase building materials to be used in the construction of the home. Freeman executed a personal guaranty of Clover Homes' obligations under the commercial charge account. Freeman is a resident of Putnam County. Clover Homes is a domestic corporation with its principal place of business in Putnam County. Timberland is a domestic corporation with its principal place of business in Clay County. Clover Homes also subcontracted with V-Live General Services, LLC, to perform work on the Nashes' home. V-Live is a limited liability company with its principal place of business in Marion County. Work was performed on the home by Clover Homes through its subcontractors, but in March 2018, the Nashes terminated the contract. Clover Homes alleges that the Nashes have not paid for all the work done under the contract to build the home and for materials provided by Timberland to build the home.

[3]     On May 25, 2018, Clover Homes filed in Hendricks County a notice of mechanic's lien on the Hendricks County lot, which was recorded by the Hendricks County recorder. On June 5, 2018, the Nashes served Clover Homes notice to commence suit to foreclose its mechanic's lien within thirty days pursuant to Indiana Code Section 32-28-3-10.

[4]     On June 19, 2018, Timberland initiated this action by filing a complaint in the Putnam County Superior Court against Clover Homes, seeking payment of the balance due on the commercial charge account. On July 3, 2018, Clover Homes filed a third-party complaint against the Nashes alleging a breach of contract claim (Count 1) and a claim for foreclosure of Clover Homes'

mechanic's lien (Count 2). Clover Homes later amended the third-party complaint to add two counts of defamation against the Nashes. The third-party complaint also included a breach of contract claim against V-Live, alleging that V-Live breached its agreement with Clover Homes by failing to perform work in a workmanlike manner.

[5] In August 2018, the Nashes filed a motion to dismiss Count 2 of Clover Homes' third-party complaint against them for lack of jurisdiction, arguing that Indiana Code Section 32-28-3-6 required the foreclosure action to be filed in Hendricks County, where the property subject to the lien is located. They later renewed the motion on the same basis. Clover Homes filed an opposition to the Nashes' motion to dismiss. The Nashes filed a reply, this time arguing that pursuant to Indiana Code Section 32-28-3-10 and this Court's decision in *Ford v. Culp Custom Homes, Inc.*, 731 N.E.2d 468 (Ind. Ct. App. 2000), *trans. denied,* preferred venue for the foreclosure claim rested in Hendricks County. The Nashes requested that in lieu of dismissal of Count 2, the trial court transfer venue of the amended third-party complaint to Hendricks County. Clover Homes filed a surrebuttal to the Nashes' motion to transfer, arguing that pursuant to Indiana Trial Rule 75, Putnam County was a preferred venue and because the action was initiated in a county of preferred venue, venue could not be transferred.

[6] In June 2019, the trial court held a hearing on all pending motions, including the Nashes' motion to transfer venue to Hendricks County. The transcript of the hearing is not in the record before us. The trial court took the matters under advisement, and on July 16, 2019, issued an order transferring the entire action

to Hendricks County. The trial court based its decision on *Ford*, concluding as follows:

> In the present case before this Court, the mechanic's lien is attached to Tracy and Robbyn Nash's real property which is located in Hendricks County, Indiana. The complaint which is the subject of this litigation was filed in Putnam County. The Court hereby orders this case be transferred to Hendricks County where all remaining pleadings and pending motions which have not been resolved shall be heard.

Appealed Order at 3. Clover Homes then initiated this interlocutory appeal.

# Discussion and Decision

[7] Clover Homes argues that the trial court erred by transferring venue of this action to Hendricks County because preferred venue had already been established in Putnam County. The Nashes frame the issue differently, arguing that they were misjoined as third-party defendants and that the trial court erred in transferring the entire action instead of severing and transferring only Clover Homes' third-party complaint. Before turning to the substance of these arguments, we note that for purposes of determining whether the trial court properly transferred this action on the basis of preferred venue, the facts of this case are undisputed. As such, the only question before us is whether the trial court properly applied the law. When the issue on appeal presents a question of law, our review is de novo. *Bagsby v. Snedeker*, 93 N.E.3d 1127, 1129 (Ind. Ct. App. 2018), *trans. denied*.

As an initial matter, we observe that the Nashes did not present a misjoinder argument to the trial court in support of their motion for transfer. "Generally, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court." *Baird v. ASA Collections*, 910 N.E.2d 780, 786 (Ind. Ct. App. 2009)*, trans. denied* (2010). The Nashes contend that they effectively raised misjoinder because they moved to transfer only Clover Homes' third-party complaint against them. In their first motion to dismiss, the Nashes contended that the trial court did not have jurisdiction over the mechanic's lien foreclosure action based on Indiana Code Section 32-28-3-6. After Clover Homes filed its opposition to the motion to dismiss, the Nashes then argued that Hendricks County was the preferred venue for Clover Homes' third-party complaint against it based on Indiana Code Section 32-28-3-10 and *Ford*. We cannot agree that either of these arguments adequately raised the question of whether the Nashes were misjoined in Timberland's action against Clover Homes. Because the Nashes failed to adequately raise a misjoinder argument below, they have waived this argument for appellate review.[2] *See Salsbery Pork Producers, Inc. v. Booth*, 967 N.E.2d 1, 3 (Ind. Ct. App. 2012) ("Failure to raise an issue before the trial court waives that issue on appeal."). Accordingly, we will address only whether transfer of the action was proper on

---

[2] The Nashes also assert that Indiana Trial Rule 21(A), which governs misjoinder of parties, authorizes the trial court to drop or add parties at any stage of the action on its own initiative. However, The Nashes do not explain how the authority of the trial court to act on its own initiative preserves the issue of misjoinder for appellate review.

the basis that Hendricks County is the preferred venue for the mechanic's lien foreclosure action.

[9] Indiana Trial Rule 75(A), which governs venue requirements for actions filed in Indiana courts, provides,

> Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, *shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements* or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

(Emphasis added.) Trial Rule 75(D) provides that statutes regarding venue are superseded by Trial Rule 75:

> Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction.

[10] Our supreme court has explained that "[g]enerally, any case may be venued in any court in the state, subject to the right of an objecting party to request that the case be transferred to a *preferred venue* listed in Rule 75(A)." *Randolph Cty. v. Chamness*, 879 N.E.2d 555, 556 (Ind. 2008) (emphasis added). Trial Rule 75(A)

contains ten subsections, each setting forth criteria establishing preferred venue. Based on these criteria, there can be, and often are, multiple preferred venues in a given case. *Id.* at 557. The rule, however, does not give priority to any particular preferred venue. *Belcher v. Kroczek*, 13 N.E.3d 448, 451 (Ind. Ct. App. 2014) (citing *Coffman v. Olson & Co.*, 872 N.E.2d 145, 147 (Ind. Ct. App. 2007)). The preferred venue status of a county is determined when an action is commenced by the filing of a complaint. *Scribbles, LLC v. Wedgewood by Wedgewood*, 101 N.E.3d 844, 848 (Ind. Ct. App. 2018), *trans. denied*; *see also Painters Dist. Coun. 91 v. Calvert Enter. Elec. Servs., Inc.*, 906 N.E.2d 254, 257 (Ind. Ct. App. 2009) ("The preferred venue status of a given county can only be determined as of the time a complaint is filed.") (*quoting Shelton v. Wick*, 715 N.E.2d 890, 894 (Ind. Ct. App. 1999), *trans. denied* (2000)). If the county where the complaint was filed is a preferred venue, transfer to another county based on venue is improper. *Randolph Cty.*, 879 N.E.2d at 557; *see also Meridian Mut. Ins. Co. v. Harter*, 671 N.E.2d 861, 863 (Ind. 1996) ("Only if the court in which the action is commenced is not in a county of preferred venue, may the case be transferred to a court of preferred venue."); *Belcher*, 13 N.E.3d at 451 ("[A] motion to transfer venue cannot be granted when an action has been filed in a preferred venue.") (citing *Salsbery*, 967 N.E.2d at 5). This rule applies even when a party is joined later in the action as a third-party defendant. *City of S. Bend, Dep't of Pub. Works v. D&J Gravel Co.*, 727 N.E.2d 719, 722 (Ind. Ct. App. 2000).

[11]     The preferred venue subsections in Trial Rule 75(A) at issue here are (1) "the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides," (2) the county where the land or some part thereof is located, including without limitation claims to foreclose liens, and (4) the county where the principal office of a defendant organization is located. Timberland initiated this action by filing its complaint in Putnam County. Freeman is a resident of Putnam County, and Clover Homes has its principal place of business in Putnam County. Under both subsections (1) and (4), Putnam County satisfies the criteria for preferred venue. As mentioned, if the county where the complaint was filed is a preferred venue, transfer to another county based on venue is improper. *Randolph Cty.*, 879 N.E.2d at 557. Nevertheless, the Nashes argue that Hendricks County is the preferred venue for Clover Homes' claims against them because they sent Clover Homes notice to commence suit to foreclose its mechanic's lien pursuant to Indiana Code Section 32-28-3-10, and this Court held in *Ford*, 731 N.E.2d 468, that a complaint to enforce a mechanic's lien should be filed in the county where the property under lien is located, and if filed in the wrong county, the case should be transferred to the preferred venue.

[12]     Section 32-28-3-10 provides,

>     A lien is void if both of the following occur:
>
>>         (1) The owner of property subject to a mechanic's lien or any person or corporation having an interest in the

property, including a mortgagee or a lienholder, provides written notice to the owner or holder of the lien to file an action to foreclose the lien.

(2) *The owner or holder of the lien fails to file an action to foreclose the lien in the county where the property is located* not later than thirty (30) days after receiving the notice.

However, this section does not prevent the claim from being collected as other claims are collected by law.

(Emphasis added.)

[13]    Although the Nashes correctly state the holding in *Ford*, that case is not dipositive of the issue before us. In that case, the Fords entered into a contract with Culp Custom Homes to build a home in LaPorte County. Culp began construction, but when conflicts arose, the Fords discharged Culp. Culp recorded a notice of mechanic's lien against the property in LaPorte County. The Fords' parents, who had financed the project, served Culp with a notice to commence suit within thirty days pursuant to Section 32-8-3-10, the *prior* version of Section 32-28-3-10. Section 32-8-3-10 was silent as to where the lienholder was required to file suit. *Ford*, 731 N.E.2d at 473. Culp filed a complaint in the St. Joseph Circuit Court asserting various claims, including the foreclosure of its lien. The St. Joseph Circuit Court transferred the case to LaPorte Circuit Court. The Fords moved for summary judgment on the issue of whether Culp held a valid mechanic's lien when Culp failed to file suit to

enforce its lien in the county where the property was located within thirty days. The trial court denied the motion, and the Fords appealed.

[14] On appeal, the *Ford* court interpreted Section 32-8-3-10 to require that an action to foreclose a lien be filed in the county where the property was located, so that it was consistent with the other sections pertaining to mechanic's liens. *Id.* Although Culp had filed its action to foreclose in St. Joseph County, not LaPorte County where the property was located, the *Ford* court did not find that Culp's lien was void. *Id.* Rather, the *Ford* court concluded that Section 32-8-3-10 "must yield" to Trial Rule 75, which permitted transfer. *Id.*

[15] In reaching this decision, the *Ford* court acknowledged that Trial Rule 75(D) rendered ineffective any statute fixing rules more stringent than Trial Rule 75. However, the *Ford* court found that its interpretation of Section 32-8-3-10 was consistent with Trial Rule 75(A)(2), which provided that preferred venue on a claim to foreclose a lien on land is in the county where the land is located. *Id.* The *Ford* court then noted that Trial Rule 75(B) authorized the court to transfer a case that should have been filed in another court to the proper court and further provided that the action shall be deemed commenced as of the date it was filed in the original court. *Id.* Accordingly, the *Ford* court concluded that transfer of the case was proper and that Culp's complaint was deemed filed as of the date it was filed in LaPorte County. *Id.* at 474.

[16] The Nashes' argument that *Ford* supports transfer in this case is misplaced. First, Section 32-8-3-10 has been repealed and replaced with Section 32-28-3-10,

which now explicitly requires that an action to foreclose a mechanic's lien be filed in the county where the property is located. To that extent, *Ford* has been superseded by statute. Second, the Nashes' argument relies heavily on *Ford*'s holding that its interpretation of Section 32-8-3-10 was consistent with the preferred venue category listed in Trial Rule 75(A)(2). Section 32-28-3-10 may be consistent with Trial Rule 75(A)(2), but that is not the end of the analysis. There may be more than one preferred venue in any given case. *Randolph Cty.*, 879 N.E.2d at 557. There is no discussion in *Ford* as to why Culp Custom Homes filed its action in St. Joseph County, what its other claims were, or whether St. Joseph County satisfied any criteria for preferred venue. Simply put, *Ford* did not address the issue here: whether transfer is proper when preferred venue has already been established.

[17] The Nashes' argument ignores the legal principles that the preferred venue status of a county is determined when an action is commenced by the filing of a complaint, *Scribbles*, 101 N.E.3d at 848, and if the county where the complaint was filed is a preferred venue, transfer to another county based on venue is improper. *Randolph Cty.*, 879 N.E.2d at 557. Although the Nashes were brought into this action by third-party complaint, we can discern no reason, and the Nashes offer none, to depart from established principles.

[18] We note that Trial Rule 21(B), which is not cited by the parties, provides in relevant part:

> The court shall have venue and authority over all persons or
> claims required to be joined or permissively joined, impleaded or

included by intervention, interpleader, counterclaim or cross-claim if it has venue or is authorized to determine any claim asserted between any of the parties thereto, notwithstanding any requirement of venue or of jurisdiction over the subject-matter applicable to other claims or other parties.

As another panel of this Court explained,

> Trial Rule 21(B) allows a trial court to maintain subject-matter jurisdiction and venue over an action when a person or claim is joined that would otherwise disrupt the trial court's subject-matter jurisdiction or venue. Thus, if preferred venue were established prior to a party's joinder in the action, Trial Rule 21(B) would allow the trial court to maintain venue even if the joinder would otherwise disturb the trial court's venue. However, if preferred venue had not been established, transfer would be required.

*City of S. Bend*, 727 N.E.2d at 722 (citing *Pratt v. Pierce*, 713 N.E.2d 312, 316 (Ind. Ct. App. 1999)). In *City of South Bend*, the court held that a third-party defendant was entitled to transfer to a county of preferred venue where preferred venue had *not* been established *before* that party was joined. *Id.* Here, in contrast, preferred venue was established in Putnam County before the Nashes were joined in the action as third-party defendants. Because this action was filed in a preferred venue, the trial court erred in transferring the action to Hendricks County. Therefore, we reverse the order transferring the action to Hendricks County.

Reversed.

May, J., and Pyle, J., concur.