# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**MICHAEL K. SUTHERLIN**
**SAMUEL M. ADAMS**
Michael K. Sutherlin & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**PAUL A. ROSSI**
**DAVID ANDRICK**
Lowell, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WILLIAM M. BELCHER,                )
                                   )
    Appellant/Defendant,           )
                                   )
       vs.                       )    No. 45A03-1311-CT-436
                                   )
CATHERINE KROCZEK, D.D.S.,         )
                                   )
    Appellee/Plaintiff.            )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable William E. Davis, Judge
Cause No. 45D05-1307-CT-125

**July 9, 2014**

**OPINION - FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

Indiana Trial Rule 75(A) allows a case to be filed in any county in Indiana. In this case, Catherine Kroczek, a Lake County dentist, filed suit against William W. Belcher in Lake County under Trial Rule 75(A)(2). Belcher later filed a motion to transfer venue, and a dispute arose over whether Dr. Kroczek had properly established preferred venue in Lake County.

We conclude that preferred venue does not lie in Lake County. In relevant part, Trial Rule 75(A)(2) provides that preferred venue may lie in the county where the chattels at issue are located. When identifying chattels, our Courts have emphasized their transferrable nature. At issue here is Dr. Kroczek's reputation, privacy, and identity, none of which may be transferred. We therefore conclude that they are not chattels, and Dr. Kroczek may not invoke Trial Rule 75(A)(2). We reverse.

## Facts and Procedural History

Belcher and Dr. Kroczek began dating in early 2012. Years before meeting Belcher, Dr. Kroczek contracted the herpes simplex virus, and at some point during the relationship, she told Belcher this. Dr. Kroczek ended the relationship in September 2012.

Dr. Kroczek worked at a number of dentistry offices, including her father's office. Shortly after the relationship ended, Belcher began sending letters to Dr. Kroczek's employers and colleagues. In these letters, Belcher informed the reader that Dr. Kroczek had herpes. *See* Appellant's App. p. 27-31. In some of the letters, Belcher also stated that Dr. Kroczek had infected "only a few people" and requested that "appropriate

action" be taken. *Id.* Belcher later registered Dr. Kroczek—without her knowledge or consent—with the Centers for Disease Control and Prevention and the Seattle STD/HIV Prevention Training Center. *Id.* at 32-33.

Dr. Kroczek filed a complaint against Belcher in Lake County, claiming that Belcher committed defamation per se, invasion of privacy, disclosure of private facts, intentional infliction of emotional distress, identity theft, and tortious interference with business relationships. *Id.* at 11-20. Belcher filed a motion to transfer venue to Marion County, *id.* at 35-37, and Dr. Kroczek filed a response opposing transfer, *id.* at 39-48.

Belcher sought to transfer venue to Marion County based on his residence there. *See* Ind. Trial Rule 75(A)(1) ("Preferred venue lies in . . . the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides[.]"). Dr. Kroczek claimed that she had already established preferred venue in Lake County based on Indiana Trial Rule 75(A)(2). Trial Rule 75(A)(2) provides that preferred venue may lie in:

> the county where the land or some part thereof is located *or the chattels or some part thereof are regularly located or kept*, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

(emphasis added).

Dr. Kroczek claimed that Belcher had damaged her reputation, privacy, identity, and goodwill, and that these are chattels—specifically, intangible personal chattels—

3

under Trial Rule 75(A)(2). In response, Belcher argued that "reputation, privacy, and identity are not . . . chattels under Indiana law." Appellant's App. p. 51. Belcher also asserted that Dr. Kroczek's complaint did not allege an injury to goodwill; thus, damage to goodwill could not serve as a basis for establishing preferred venue in Lake County. *Id.* at 51-52.

After a hearing, the trial court denied Belcher's motion to transfer venue, stating:

> [Dr. Kroczek] brought her suit in Lake County. Her suit is brought for alleged injury to her reputation, privacy, identity, and goodwill, which are found by this Court to be intangible personal chattels, which are derived from the personal[-]property rights of her reputation, privacy, identity, and goodwill. Under Trial Rule 75(A)(2) and the relevant case law[,] the correct venue for suits concerning injury to said chattels is the [c]ounty where they are regularly located or kept, and under Indiana's recognized [r]ule of *mobile sequuntur persona*[,] the location of suits of intangible personal property is the legal domicile of the owner or Lake County. [Dr. Kroczek] has brought her suit in Lake County, which is a [c]ounty of [p]referred [v]enue per Trial Rule 75(A)(2). No [c]hange of [v]enue is to be granted.

*Id.* at 9.

Belcher now appeals.

## Discussion and Decision

Belcher contends that the trial court erred by denying his motion to transfer venue.

We review factual findings linked to a trial court's ruling on a motion under Indiana Trial Rule 75(A) under a clearly erroneous standard, and rulings of law are reviewed de novo. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences to support them. *Coffman v. Olson & Co., P.C.*, 872 N.E.2d 145, 147 (Ind. Ct. App. 2007) (citation omitted).

4

Trial Rule 75(A) allows a case to be filed in any county in Indiana. The rule provides numerous preferred venues, such as "the county where the greater percentage of individual defendants . . . resides," T.R. 75(A)(1), any county in which all parties stipulate as a preferred venue, T.R. 75(A)(6), or the county in which the plaintiff resides if no other preferred venue exists, T.R. 75(A)(10). "It is the general spirit and policy of the rules governing venue to give the defendant the right to have the action tried in the county of his or her residence." *Salsbery Pork Producers, Inc. v. Booth*, 967 N.E.2d 1 (Ind. Ct. App. 2012) (citing *State ex rel. Ind. State Bd. of Tax Comm'rs v. Ind. Chamber of Commerce, Inc.*, 712 N.E.2d 992, 996 (Ind. Ct. App. 1999)). However, there is no priority among Rule 75(A)'s subsections. *Id.* (citing *Coffman*, 872 N.E.2d at 147). There may be multiple preferred venues in a given case, and a motion to transfer venue cannot be granted when an action has been filed in a preferred venue. *Id.* (citing *Meridian Mut. Ins. Co. v. Harter*, 671 N.E.2d 861, 862-63 (Ind. 1996)).

The preferred-venue subsection at issue here is subsection (2), which establishes preferred venue in:

> the county where the land or some part thereof is *located or the chattels or some part thereof are regularly located or kept*, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

T.R. 75(A)(2) (emphasis added). Dr. Kroczek contends that Belcher damaged her reputation, privacy, identity, and goodwill. She argues that these are chattels—specifically, intangible personal chattels—under Trial Rule 75(A)(2).

"Chattel" is defined as "[m]ovable or transferable property; personal property; esp[ecially], a physical object capable of manual delivery and not the subject matter of real property." *R & D Transp., Inc. v. A.H.*, 859 N.E.2d 332, 333 n.1 (Ind. 2006) (quoting *Black's Law Dictionary* 251 (8th ed. 2004)). One type of chattel is a personal chattel, which is defined as "a tangible good *or an intangible right (such as a patent).*" *Black's Law Dictionary* 251 (8th ed. 2004) (emphasis added). Trial Rule 75(A)(2) "does not distinguish between tangible and intangible chattels." *Phillips v. Scalf*, 778 N.E.2d 480, 483 (Ind. Ct. App. 2002).

We have identified other intangible personal chattels. In *Phillips*, we determined that the right of publicity was an intangible personal chattel. *Id.* ("[T]he term chattel includes an intangible right, such as a right of publicity."). One year later, in *Bostic v. House of James, Inc.*, we concluded that a money judgment was an intangible personal chattel. 784 N.E.2d 509, 512 (Ind. Ct. App. 2003) ("[W]e agree with the trial court that a judgment is 'in the nature of a chattel.'") (citation omitted), *trans. denied*. In reaching this conclusion, we noted that Indiana law allows a judgment holder to transfer title to the judgment. *Id.* ("[Indiana Code section] 34-54-7-1 provides that '[j]udgments and decrees of a court of record for the recovery of money may be assigned by the plaintiff or complainant' and 'title to the judgment or decree' then vests in the assignee."). Like *Bostic*, *Phillips* involved a transferable right—the right to publicity.[1] A patent—the example of an intangible personal chattel given in Black's Law Dictionary—

---

[1] 2 J. Thomas McCarthy, The Rights of Publicity & Privacy § 10:13 (2d ed. 2011); *see also* Restatement (Third) of Unfair Competition § 46 cmt. g (1995) (stating that "[t]he interest in the commercial value of a person's identity . . . is freely assignable to others").

is likewise transferrable.[2]  Here, Dr. Kroczek alleges injury to her reputation, privacy, and identity, but none of these things are transferrable.  For this reason, they are inherently different from patents, money judgments, and publicity rights.  We therefore conclude that they are not chattels.[3]

Goodwill, however, may qualify as chattel.  There are two types of goodwill: enterprise goodwill and professional goodwill.  Enterprise goodwill is a business asset that is "generally transferrable to others and has a value to others." *Jay Myoung Yoon v. Sunsook Yoon*, 711 N.E.2d 1265, 1269 (Ind. 1999).  Enterprise goodwill is subject to division in dissolution proceedings.  *Id.*  "In contrast, the goodwill that depends on the continued presence of a particular individual is a personal asset, and any value that attaches to a business as a result of this 'personal goodwill' represents nothing more than the future earning capacity of the individual and is not divisible." *Id.*

But goodwill cannot serve as the basis for preferred venue in this case.  Dr. Kroczek's complaint does not allege an injury to enterprise goodwill: enterprise goodwill is a business asset, and Dr. Kroczek has not claimed any ownership in a business or

---

[2] "The right to apply for a patent belongs to the inventor or inventors, but it may be transferred. After grant, patents also may be transferred wholly or partly in various ways, such as:

    1. They may be assigned or licensed;

    2. They may pass under a will or intestacy; or

    3. They may be subject to mortgage or execution."

1 World Intellectual Prop. Rights & Remedies § 13:14 (2014).

[3] Moreover, Trial Rule 75(A)(2) refers to in rem actions.  Actions in rem "[i]nvolv[e] or determin[e] the status of a thing, and therefore the rights of persons generally with respect to that thing." *Black's Law Dictionary* 809 (8th ed. 2004); *see also R & D Transp. Inc.*, 59 N.E.2d at 333.  Dr. Kroczek's claims are more accurately described as injuries to her *person* than injuries to a *thing*.  And with certain exceptions—such as automobile accidents—Trial Rule 75(A) does not confer preferred venue in the county where injury to a person occurs.

dentistry practice. And if Dr. Kroczek's claim that her "personal and business reputations have been and continue to be damaged" implicates goodwill, it merely refers to her future earning capacity, which is a non-transferrable personal asset. We therefore conclude that Dr. Kroczek has not established preferred venue in Lake County based on Indiana Trial Rule 75(A)(2), and Belcher is entitled to transfer venue to Marion County based on his residence. *See* T.R. 75(A)(1).

Reversed.

NAJAM, J., and BROWN, J., concur.